COLUCCI v McMILLIN

Docket No. 236848. Submitted February 4, 2003, at Detroit. Decided April
     1, 2003, at 9:05 A.M.

> John N. and Laura M. Colucci, as personal representatives of the
> estate of Lloyd Clinton Cash III, deceased, brought an action in the
> Wayne Circuit Court against Michael Bradley McMillin, individually,
> and as personal representative of the estate of Michael Brian
> McMillin, deceased (the McMillin defendants), seeking damages
> resulting from an accident that involved an all-terrain vehicle, that
> occurred in Jackson County, and that caused the death of both
> decedents. Both decedents and the personal representatives of
> their estates resided in Wayne County. The McMillin defendants,
> pursuant to MCR 2.112(K), named the Jackson County Road Com-
> mission, Charles Walz and others employed by the road commis-
> sion, Nels Peter Swanson, an employee of the Michigan Depart-
> ment of Natural Resources, and Aggregate Industries, operators of
> a gravel mining operation in the area where the accident occurred,
> as nonparties that may have caused or contributed to the plaintiffs'
> damages. The McMillin defendants also moved for a change of
> venue to Jackson County. The court, Amy P. Hathaway, J., denied
> the motion for change of venue. The plaintiffs moved to amend
> their complaint to add the Jackson County Road Commission,
> Walz, Swanson, and Aggregate Industries as defendants. The McMil-
> lin defendants concurred in the motion. The court granted the
> plaintiffs' motion. The Jackson County Road Commission then
> moved for a change of venue to Jackson County. The court denied
> the road commission's motion to change venue. The Court of
> Appeals granted the road commission leave to appeal the denial of
> its motion and stayed the proceedings in the trial court.
>
> The Court of Appeals held:
>
> 1. MCL 600.1641(2) allows venue to be considered after a com-
> plaint is amended to add one or more causes of action, even
> though venue was appropriate when the case was originally filed.
>
> 2. A trial court must consider venue if the issue is raised in a
> timely motion in a lawsuit based on tort or another legal theory
> seeking damages for personal injury, property damage, or wrongful
> death where venue is improper after the complaint is amended to
> add one or more causes of action.

3. The plaintiffs' claims of negligence or gross negligence against each defendant are separate causes of action that were joined in the plaintiffs' amended complaint. The trial court was required by MCL 600.1641(2) to consider the road commission's timely motion for a change of venue by examining the rules found in the venue statute for actions based in tort, MCL 600.1629. Because that statute does not provide the appropriate county for all the causes of action pleaded in the amended complaint, MCL 600.1629(1)(d) states that the county that satisfies the criteria in MCL 600.1621 or 600.1627 is the proper county. Both MCL 600.1621 and 600.1627, under the situation presented by this case, defer to MCL 600.1615, the venue statute regarding actions against governmental units. Under that statute, the proper county for a cause of action against the road commission is Jackson County. The trial court erred in denying the road commission's motion to change venue.

Reversed and remanded.

1. TORTS — VENUE — MOTIONS AND ORDERS.

A trial court must consider venue if the issue is raised in a timely motion in a lawsuit based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, where venue is improper after the complaint is amended to add one or more causes of action (MCR 2.223[1]; MCL 600.1641[2]).

2. ACTIONS — WORDS AND PHRASES — CAUSES OF ACTION.

The phrase "cause of action" used in MCL 600.1641(2) refers to the fact or combination of facts giving rise to or entitling a party to sustain an action; separate claims against various defendants amount to separate causes of action; a complaint alleges separate causes of action against each defendant in a wrongful-death action where, although the plaintiff's claims against all the defendants arose from the same fact or combination of facts, the complaint alleges theories that each defendant's negligence separately contributed to the wrongful death.

*Worsham, Victor & Ahmad, P.C.* (by *Richard B. Worsham*), for the plaintiffs.

*Smith Haughey Rice & Roegge* (by *Jon D. Vander Ploeg* and *William L. Henn*) for the Jackson County Road Commission and Charles Walz.

*Williams, Williams, Ruby & Plunkett, P.C.* (by *John W. Griffen, Jr.,* and *Wayne Walker*), for Michael

Bradley McMillin, individually, and as personal representative of the estate of Michael Brian McMillin, deceased.

Before: SAAD, P.J., and ZAHRA and SCHUETTE, JJ.

ZAHRA, J. Defendant/cross-defendant Jackson County Road Commission appeals by leave granted an order denying its motion for a change of venue. We reverse and remand for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURE

This lawsuit arises from a tragic accident involving an all-terrain vehicle in which the driver, Michael Brian McMillin, and the sole passenger, Lloyd Clinton Cash III, were killed. The accident occurred in Jackson County on July 25, 2000, when the vehicle struck a cable stretched across a roadway. Both decedents were residents of Wayne County, as are the personal representatives of their estates. The personal representatives of the estate of Cash filed a complaint in the Wayne Circuit Court against Michael Bradley McMillin, individually, and as the personal representative of the estate of Michael Brian McMillin (the McMillin defendants).

The McMillin defendants filed a notice, pursuant to MCR 2.112(K), that nonparties may have caused or contributed to plaintiffs' damages, naming the Jackson County Road Commission, Charles Walz "and/or other individuals employed by the Jackson County Road Commission," "Officer Peter Swansen [sic] of the Michigan Department of Natural Resources," and "[a]s yet unknown operators of the gravel mining operation in the area of the accident site, Aggregate

Industries and/or Bill Smith Sand & Gravel, Inc." The McMillin defendants also moved for a change of venue, noting that: (1) they had filed a lawsuit against the Jackson County Road Commission in the Jackson Circuit Court, (2) plaintiffs had indicated they would be filing a lawsuit against the road commission, and (3) all the nonparty witnesses resided in Jackson County. The McMillin defendants maintained that venue in Jackson County was more convenient for all involved, and, for reasons of judicial economy, all actions arising out of this accident should be litigated in the same court. For reasons not entirely clear from the record, the McMillin defendants' motion for change of venue was dismissed.[1]

Plaintiffs moved to amend their complaint to add the Jackson County Road Commission, Charles Walz, Nels Peter Swanson, and Aggregate Industries, also known as Bill Smith Sand & Gravel, Inc., as defendants. The McMillin defendants concurred in plaintiffs' motion. Plaintiffs' motion to amend was granted on May 10, 2001. In the amended complaint, plaintiffs alleged counts against: (1) the estate of Michael Brian McMillin for negligence in the operation of the vehicle; (2) Michael Bradley McMillin for negligence under the owner's liability statute; (3) Charles Walz, a Jackson County Road Commission employee, for gross negligence in the placement of the cable across the roadway; (4) the Jackson County Road Commission for gross negligence relating to the placement of the cable and maintenance of the roadway; (5) Nels Peter Swanson, a Department of Natural Resources

---

[1] According to the Jackson County Road Commission, the McMillin defendants' lawsuit against the road commission filed in Jackson County was dismissed without prejudice on October 13, 2001.

employee, for gross negligence relating to the height at which the cable was placed across the roadway; and (6) Aggregate Industries for failure to complete several measures relating to its mining activities that would have enhanced the safety of the area where the accident occurred.[2]

One of the newly added defendants, the Jackson County Road Commission, moved for a change of venue. The road commission argued that, pursuant to MCL 600.1629, venue is proper in a county as provided in MCL 600.1621 and MCL 600.1627. However, both of these venue statutes defer to MCL 600.1615, which provides that a governmental unit must be sued in the county in which it exercises or may exercise governmental authority. Therefore, the road commission maintained, venue is not proper in Wayne County and must be transferred to Jackson County.[3]

Plaintiffs opposed the motion for a change of venue, on the theory that venue was appropriate in Wayne County, pursuant to MCL 600.1629(1)(c), because the original action involved only residents of Wayne County. Once venue was properly laid, plaintiffs argued, it did not become improper when an amended complaint added other defendants because venue is determined at the time the suit is filed. Further, plaintiffs claimed, under MCL 600.1641(1) when multiple claims are joined in an action and the venue

---

[2] The personal representative of McMillin's estate filed a cross-claim in the Wayne Circuit Court against Walz, the Jackson County Road Commission, Nels Peter Swanson, and Aggregate, claiming gross negligence against the governmental defendants and negligence against Aggregate Industries, asserting essentially the same allegations as plaintiffs.

[3] Defendant Charles Walz filed a separate motion for change of venue identical in substance to the motion brought by the road commission. Because Walz is not a party to this appeal, only the motion of the road commission is mentioned throughout this opinion.

of one or more would have been improper if the claims had been brought in separate actions, the court has discretion to retain the entire action for trial. Plaintiffs maintained that, under these circumstances, MCL 600.1615 does not compel the transfer of venue to Jackson County. The McMillin defendants also opposed the motion for change of venue.

The Jackson County Road Commission replied that venue is not proper because this suit involves multiple causes of action. The road commission maintained that MCL 600.1641(2), which was added by the Legislature in 1995, allows for venue to be reviewed after the addition of parties by amendment of the complaint in any action based on tort.

The trial court denied the motion to change venue and invited appellate review. The trial court recognized that the question before the court presented an issue of first impression relating to statutory interpretation of the 1995 amendment of MCL 600.1641. This Court granted leave to appeal and stayed the proceedings.

### II. ANALYSIS

Generally, we review for clear error a trial court's ruling on a motion to change venue. *Massey v Mandell*, 462 Mich 375, 379; 614 NW2d 70 (2000). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id.* However, the question presented in this appeal involves an issue of statutory interpretation.[4]

---

[4] In Michigan, "the establishment of venue is within the Legislature's power." *Omne Financial, Inc v Shacks, Inc*, 226 Mich App 397, 403; 573 NW2d 641 (1997), aff'd 460 Mich 305 (1999). As such, venue is controlled exclusively by statute. *Id.* at 400.

Matters of statutory interpretation are subject to review de novo. *Stozicki v Allied Paper Co, Inc*, 464 Mich 257, 263; 627 NW2d 293 (2001); *DeVormer v DeVormer*, 240 Mich App 601, 605; 618 NW2d 39 (2000).

The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature. *In re MCI Telecom Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999); *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). Initially, we review the language of the statute itself. *House Speaker v State Admin Bd*, 441 Mich 547, 567; 495 NW2d 539 (1993). If the statute is unambiguous on its face, the Legislature is presumed to have intended the meaning plainly expressed and further judicial interpretation is not permitted. *Lorencz v Ford Motor Co*, 439 Mich 370, 376; 483 NW2d 844 (1992).

"Only where the statutory language is ambiguous may a court properly go beyond the words of the statute to ascertain legislative intent." *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). An ambiguity of statutory language does not exist merely because a reviewing court questions whether the Legislature intended the consequences of the language under review. An ambiguity can be found only where the language of a statute as used in its particular context has more than one common and accepted meaning. Thus, where common words used in their ordinary fashion lead to one reasonable interpretation, a statute cannot be found ambiguous.

Defendant Jackson County Road Commission contends that after plaintiffs amended the complaint to add additional parties the trial court was required to consider venue on defendant's timely motion pursu-

ant to MCL 600.1641(2). The road commission further argues that venue under the amended complaint is not proper in Wayne County and must be transferred to Jackson County.

Before it was amended in 1995, MCL 600.1641, which governs venue in joined causes of action, provided:

> Where causes of action are joined, whether properly or not, the venue may be laid in any county in which either cause of action, if sued upon separately, could have been commenced and tried, subject to separation and change pursuant to and subject to the conditions imposed by court rules.

Case law before the 1995 amendment of MCL 600.1641 suggests that venue could be considered only at the time the lawsuit was instituted. See *Omne Financial, Inc v Shacks, Inc*, 226 Mich App 397, 405; 573 NW2d 641 (1997), aff'd 460 Mich 305 (1999). However, the clear language added by the Legislature in 1995 dictates otherwise:

> (1) Except as provided in subsection (2), if causes of action are joined, whether properly or not, venue is proper in any county in which either cause of action, if sued upon separately, could have been commenced and tried, subject to separation and change as provided by court rule.
>
> (2) If more than 1 cause of action is pleaded in the complaint *or added by amendment at any time during the action* and 1 of the causes of action is based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, venue shall be determined under the rules applicable to actions in tort as provided in section 1629. [MCL 600.1641 (emphasis added).]

We conclude that the plain language of MCL 600.1641(2) indicates a legislative intent to allow

venue to be considered after a complaint is amended to add one or more causes of action. This is so though venue was appropriate when the case was originally filed. If MCL 600.1641(2) were interpreted any other way, the words "or added by amendment at any time" that were added by amendment of the statute in 1995 would be rendered meaningless. MCL 600.1641(2) creates an exception to the general rule set forth in MCL 600.1641(1) for actions based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death. Thus, if a lawsuit is "based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death," and venue is improper after the complaint is amended to add one or more causes of action, the trial court is required to consider venue if the issue is raised in a timely motion. MCR 2.223(1).

The present case raises tort claims that seek damages for wrongful death. Therefore, the question whether the trial court was required to consider venue after the complaint was amended turns on whether the complaint was amended to add one or more causes of action. We must therefore interpret the phrase "cause of action" used in MCL 600.1641(2).

This phrase is discussed in Justice CORRIGAN's concurring opinion in *Massey, supra* at 385-391.[5] In *Massey*, a child from Wayne County suffered a fatal accident at a camp in Lapeer County while under the supervision of a day-care center operated in Wayne County. The subsequent wrongful-death lawsuit, filed in the Wayne Circuit Court, named as defendants the day-care center and one of its employees, as well as

---

[5] Justice CAVANAGH and Justice KELLY joined in Justice CORRIGAN's concurring opinion.

the camp and some of its employees. The camp and its employees moved for a change of venue, arguing that venue was proper in Lapeer County. The venue question was ultimately resolved by the Supreme Court, which unanimously agreed that venue was properly laid in Wayne County.

Four justices determined that venue was proper in Wayne County under the general venue statute, MCL 600.1621. *Massey, supra* at 381-385. The remaining justices concluded that the answer to the "difficult" venue question before the Supreme Court was found in MCL 600.1641, which applies to claims involving the joinder of multiple causes of action. Noting that "cause of action" is a legal term of art and must therefore be understood according to its "peculiar and appropriate meaning," MCL 8.3a, Justice CORRIGAN observed that the term has repeatedly been defined in case law "as being 'the fact or combination of facts giving rise to or entitling a party to sustain an action.'" *Massey, supra* at 386-387 (citation omitted). This definition "supports the conclusion that separate claims against various defendants amount to separate 'causes of action.'" *Id.* at 388.[6]

---

[6] Justice CORRIGAN noted that this Court in *Schultz v Silver Lake Transport, Inc,* 207 Mich App 267, 275; 523 NW2d 895 (1994), apparently concluded that a lawsuit involving multiple defendants arising from a single automobile accident presented a single cause of action. *Massey, supra* at 388 n 1. Justice CORRIGAN rejected this aspect of *Schultz* and observed that the *Schultz* opinion did not cite authority for its conclusion or explain its rationale. We recognize that, pursuant to MCR 7.215(I)(1), "[a] panel of the Court of Appeals must follow the *rule of law* established by a prior published decision of the Court of Appeals . . . ." (Emphasis added.) Nonetheless, we conclude we are not bound by MCR 7.215(I)(1) to hold that the present case involves a single cause of action arising from a single vehicular accident that happens to include multiple defendants. *Schultz* was decided in 1994, before the Legislature amended MCL 600.1641. Therefore, *Schultz* did not consider the meaning of the phrase "cause of action" in MCL 600.1641(2) when the Court concluded that a wrongful-

We find persuasive the reasoning and rationale of Justice CORRIGAN's concurring opinion in *Massey*.[7] We conclude that plaintiffs' claims of negligence or gross negligence against each defendant are separate causes of action that were joined in plaintiffs' amended complaint. " 'Causes of action are understood to be those "which are generally recognized and often defined as the fact or combination of facts giving rise to or entitling a party to sustain an action." ' " *Multiplex Concrete Machinery Co v Saxer*, 310 Mich 243, 253; 17 NW2d 169 (1945) (citations omitted). Although plaintiffs' claims against all defendants arose from the same fact or combination of facts, the amended complaint alleges theories that each defendant's negligence separately contributed to the wrongful death of plaintiffs' decedent. Thus, plaintiffs' amended complaint joined separate causes of action arising from a single set of facts, the accident, all of which are based on tort and seek damages for a wrongful death. Therefore, to determine the appropriate venue for the amended complaint, one must consider MCL 600.1641, and particularly the exception found in MCL 600.1641(2) that venue in such cases must be determined by the rules found in MCL 600.1629.

MCL 600.1629(1) provides:

---

death lawsuit alleging negligence by multiple defendants is a single claim. Moreover, *Schultz* was decided on the basis of the panel's analysis of MCL 600.1629. Thus, the panel's observation that the case did not involve joinder and involved a single claim arising from a single automobile accident is dicta and does not present binding authority for this Court. See, e.g., *People v Carlson*, 466 Mich 130, 139; 644 NW2d 704 (2002); *Larry S Baker, PC v Westland*, 245 Mich App 90, 101 n 3; 627 NW2d 27 (2001).

[7] We also observe that while a majority of the Supreme Court did not join in Justice CORRIGAN's opinion in *Massey*, nothing in the Supreme Court's majority opinion suggests that the majority rejected Justice CORRIGAN's interpretation of MCL 600.1641.

Subject to subsection (2)[8], in an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, all of the following apply:

(a) The county in which the original injury occurred and in which either of the following applies is a county in which to file and try the action:

(i) The defendant resides, has a place of business, or conducts business in that county.

(ii) The corporate registered office of a defendant is located in that county.

(b) If a county does not satisfy the criteria under subdivision (a), the county in which the original injury occurred and in which either of the following applies is a county in which to file and try the action:

(i) The plaintiff resides, has a place of business, or conducts business in that county.

(ii) The corporate registered office of a plaintiff is located in that county.

(c) If a county does not satisfy the criteria under subdivision (a) or (b), a county in which both of the following apply is a county in which to file and try the action:

(i) The plaintiff resides, has a place of business, or conducts business in that county, or has its corporate registered office located in that county.

(ii) The defendant resides, has a place of business, or conducts business in that county, or has its corporate registered office located in that county.

(d) If a county does not satisfy the criteria under subdivision (a), (b), or (c), a county that satisfies the criteria under section 1621 or 1627 is a county in which to file and try an action.

None of the statute's first three subsections accurately describe the parties in the present case. MCL

---

[8] MCL 600.1629(2) provides "[a]ny party may file a motion to change venue based on hardship or inconvenience." We do not rely on this provision to support the change of venue to Jackson County.

600.1629(1)(a) provides that venue is properly laid in the county where the original injury occurred and "the" defendant resides or conducts business. The majority in *Massey* determined that this subsection does not apply where, as here, there are multiple defendants. *Massey, supra* at 382. MCL 600.1629(1)(b) does not apply because the plaintiffs do not live or have a place of business in Jackson County, the county where the original injury occurred. For similar reasons, MCL 600.1629(1)(c) does not apply. Therefore, MCL 600.1629(1)(d) directs that the criteria set forth in MCL 600.1621 or MCL 600.1627 provide a county in which to file and try plaintiffs' amended complaint. However, both of these general venue statutes state that they should not be used to establish venue in actions "provided for in sections 1605, 1611, 1615, and 1629 . . . ." Neither MCL 600.1605, which concerns venue for actions involving real property or tangible personal property, nor MCL 600.1611, which concerns venue for actions involving probate bonds, resolve the road commission's motion for change of venue. However, MCL 600.1615 concerns actions against governmental units. Therefore, the road commission's venue motion must be considered in conjunction with MCL 600.1615, which provides:

> Any county in which any governmental unit, including but not limited to a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, public body, or political subdivision, exercises or may exercise its governmental authority is the proper county in which to commence and try actions against such governmental units, except that if the cause of action arose in the county of the principal office of such governmental unit, that county is the proper county in which to commence and try actions against such governmental units.

Under this statute, the appropriate county for a cause of action against the road commission is Jackson County, where defendant "exercises or may exercise its governmental authority . . . ." This conclusion is supported by this Court's holding in *Attorney Gen v Kent Co Rd Comm*, 184 Mich App 525; 459 NW2d 11 (1990), where this Court stated that the language "the proper county in which to commence and try actions against such governmental units" in MCL 600.1615 was "mandatory" and "designate[s] the home county of a governmental unit as *the* proper venue." *Attorney Gen, supra* at 528 (emphasis in original). Thus, because the appropriate county to bring suit against the road commission was Jackson County, the trial court erred in denying the road commission's motion to change venue.

### III. CONCLUSION

We hold that plaintiffs' amended complaint states separate causes of action against multiple defendants. The cause of action against defendant road commission is an action based in tort that seeks damages for a wrongful death. Pursuant to MCL 600.1641(2), the trial court was required to consider the road commission's timely motion for a change of venue by examining the rules found in MCL 600.1629, the venue statute for actions based in tort. That statute does not provide the appropriate county for all causes of action pleaded in the amended complaint. In such situations, MCL 600.1629(1)(d) states that a county that satisfies the criteria in MCL 600.1621 or MCL 600.1627 is a county in which to try a tort action. However, each of these statutes defers to MCL 600.1615, which designates the home county of a governmental unit as

the proper venue for a suit against that unit. Therefore, Jackson County is the proper county for a lawsuit against the Jackson County Road Commission and that is based in tort or seeks damages for a wrongful death, and the trial court erred in denying the road commission's motion to change venue to that county.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.