RINAS v MERCER

Docket No. 232686. Submitted February 6, 2003, at Detroit. Decided October 7, 2003, at 9:15 A.M. Leave to appeal sought.

Jacqueline Rinas, personal representative of the estate of John B. Rinas, IV, deceased, brought an action against Diane Mercer, personal representative of the estate of David Quiroz, Jr., deceased; Earl Hargrove, Jr.; Celadon Trucking; JG's Lounge; and Southern Dreams. Previously, the plaintiff had instituted and dismissed two actions alleging the same claims against the same defendants. The plaintiff's second action was dismissed on the plaintiff's request by order stating that the dismissal was "without prejudice and without costs to any party." With the exception of JG's Lounge, the defendants moved for summary disposition, arguing that the plaintiff's third action was barred by the doctrine of res judicata because the second dismissal constituted an adjudication on the merits under MCR 2.504(A)(1). The trial court, Pamela R. Harwood, J., agreed with the defendants and dismissed the plaintiff's claims. The claims against JG's Lounge were later dismissed on the same basis. The plaintiff appealed.

The Court of Appeals *held*:

MCR 2.504(A)(1) provides that a plaintiff may dismiss an action "without an order of the court and on the payment of costs . . . (a) by filing a notice of dismissal before service by the adverse party of an answer or of a motion under MCR 2.116, whichever first occurs . . . ." Subrule (A)(1) further states that a dismissal is without prejudice "except that a dismissal under subrule (A)(1)(a) operates as an adjudication on the merits when filed by a plaintiff who has previously dismissed an action . . . ." Here, the plaintiff submitted an order of voluntary dismissal that expressly provided that the dismissal was without prejudice and without payment of costs. The trial court accepted the plaintiff's proposed order and dismissed the action. Accordingly, the trial court erred in dismissing the plaintiff's present action because the dismissal of her second action did not constitute an adjudication on the merits since the second action was not dismissed "without an order of the court and on the payment of costs." The order of the court is reversed, and the matter is remanded for further proceedings.

Reversed and remanded.

SAAD, P.J., dissenting, stated that the plain language of MCR 2.504(A)(1) compels the trial court's ruling that the plaintiff's second voluntary dismissal of the action pursuant to subrule (A)(1)(a) must be treated as an adjudication on the merits. Nothing in the court rule suggests that a plaintiff's notice of dismissal depends on the imposition of costs, or that the res judicata effect of a second dismissal is nullified if no costs are imposed.

*Fieger, Fieger, Schwartz & Kenney, P.C.* (by *Geoffrey N. Fieger* and *Tammy J. Reiss*), for Jacqueline Rinas.

*Fink, Zausmer & Kaufman, P.C.* (by *Mark J. Zausmer*), for Diane Mercer.

*Provizer & Phillips, P.C.* (by *Marilyn A. Madorsky*), for Celadon Trucking and Earl Hargrove, Jr.

*Plunkett & Cooney, P.C.* (by *Frank W. Brochert* and *Christine D. Oldani*), for Southern Dreams.

Before: SAAD, P.J., and ZAHRA and SCHUETTE, JJ.

ZAHRA, J. Plaintiff Jacqueline Rinas, personal representative of the Estate of John B. Rinas, IV, deceased, instituted and dismissed two actions before bringing a third action against the same defendants, Diane Mercer, personal representative of the estate of David Quiroz, Jr.; Earl Hargrove, Jr.; Celadon Trucking; JG's Lounge; and Southern Dreams, alleging the same claims asserted in the prior actions. When plaintiff dismissed her second action, the trial court entered an order of dismissal stating that the dismissal was "without prejudice and without costs to any party." Thereafter, the trial court granted defendants' motions for summary disposition and dismissed plaintiff's third action, concluding that plaintiff's claims were barred by the doctrine of res judicata, because

the dismissal of the second action constituted an adjudication on the merits under MCR 2.504(A)(1). We are called upon to interpret MCR 2.504(A). We conclude that under the facts presented in this case, subrule (A)(1) does not bar plaintiff's third action. Subrule (A)(1) provides that a second dismissal of an action constitutes an adjudication on the merits only when the dismissal is accomplished by filing a notice of dismissal without an order of the court and on the payment of costs. Here, the second action was dismissed by an order of the court expressly providing that the dismissal of plaintiff's claims was without prejudice and without costs. Such a dismissal is not a dismissal pursuant to subrule (A)(1). We reverse and remand for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURE

On March 17, 1999, plaintiff filed a complaint against defendants. Plaintiff brought claims of negligence against the estate of Quiroz, negligence and gross negligence against Hargrove and Celadon Trucking Service,[1] and dramshop act[2] claims against JG's Lounge and Southern Dreams. When plaintiff realized that she had filed her complaint before Mercer had been appointed personal representative of the estate of Quiroz,[3] she submitted to the trial court an

---

[1] Plaintiff alleged that Celadon Trucking Service was vicariously liable for Hargrove's negligence and gross negligence.

[2] Formerly MCL 436.22, repealed by 1998 PA 58.

[3] As a condition of maintaining a dramshop action, plaintiff was required to "name and retain" the alleged intoxicated person until the litigation is concluded. MCL 436.22(6), repealed by 1998 PA 58; *Green v Wilson*, 455 Mich 342, 353; 565 NW2d 813 (1997). In this case, plaintiff named Mercer, as personal representative of the estate of Quiroz, as the alleged

order of dismissal "without prejudice and without
costs to any party." The trial court entered this order
of dismissal. Plaintiff later filed a second complaint
against the same defendants that asserted claims
identical to the first complaint. This time, plaintiff
properly named Mercer as the personal representative
of the estate of Quiroz. However, when plaintiff failed
to serve all defendants with a copy of the second
complaint before the expiration of the summons,
plaintiff again submitted to the trial court an order of
dismissal "without prejudice and without costs to any
party." The trial court again accepted and entered
plaintiff's order of dismissal.

On January 12, 2000, plaintiff filed a third com-
plaint against defendants, alleging claims identical to
the first two complaints. On July 7, 2000, the trial
court entered a notice of default against JG's Lounge
for evading service and failing to answer plaintiff's
third complaint. Defendants Mercer, Hargrove, Cela-
don Trucking Service, and Southern Dreams moved
for summary disposition under MCR 2.116(C)(7),
arguing that, under MCR 2.504(A)(1), plaintiff's sec-
ond voluntary dismissal constituted an adjudication
on the merits and barred plaintiff from bringing
another action under the doctrine of res judicata.
Plaintiff opposed the motions for summary disposi-
tion and moved for relief from the prior orders of dis-
missal under MCR 2.612(A). In August 2000, the trial
court denied plaintiff's motion for relief from the
prior orders, and granted defendants' motions for

---

intoxicated person in her initial complaint. But because Mercer had not
yet been appointed as personal representative when plaintiff filed her
complaint, the alleged intoxicated person was not properly named in
plaintiff's first complaint.

summary disposition, reasoning that dismissal of plaintiff's second action constituted an adjudication on the merits under MCR 2.504(A)(1). The trial court then entered orders dismissing, with prejudice, plaintiff's claims against defendants Mercer, Hargrove, Celadon Trucking Service, and Southern Dreams. The trial court later entered an order denying plaintiff's motion for a default judgment against JG's Lounge and dismissing plaintiff's claims against JG's Lounge for the same reason it had dismissed plaintiff's claims against the other defendants. Plaintiff appeals as of right.

II. ANALYSIS

A. STANDARD OF REVIEW

The trial court granted summary disposition for defendants Mercer, Hargrove, Celadon Trucking Service, and Southern Dreams under MCR 2.116(C)(7) after determining that plaintiff's claims were barred under the doctrine of res judicata. The trial court also dismissed the claims against JG's Lounge under the doctrine of res judicata.

> This Court reviews a trial court's decision on a motion for summary disposition pursuant to MCR 2.116(C)(7) de novo to determine whether the moving party was entitled to judgment as a matter of law. The applicability of the doctrine of res judicata is a question of law that is also reviewed de novo. [*Stoudemire v Stoudemire*, 248 Mich App 325, 332; 639 NW2d 274 (2001) (citations omitted).]

"Similarly, interpretation of a court rule, like a matter of statutory interpretation, is a question of law that this Court reviews de novo." *CAM Constr v Lake*

*Edgewood Condo Ass'n,* 465 Mich 549, 553; 640 NW2d
256 (2002).

### B. PLAINTIFF'S SECOND VOLUNTARY DISMISSAL DID NOT ACT AS AN ADJUDICATION ON THE MERITS UNDER MCR 2.504(A)(1)

Plaintiff argues that the trial court erred in dismissing her claims against defendants, because dismissal of her second action did not constitute an adjudication on the merits under MCR 2.504(A)(1). Plaintiff argues that the second action was not dismissed "without an order of the court and on the payment of costs," as set forth in the subrule (A)(1)(a). We agree. In addressing plaintiff's argument, we must interpret MCR 2.504(A). Our Supreme Court has articulated the proper method for interpreting a court rule:

> "When called on to construe a court rule, this Court applies the legal principles that govern the construction and application of statutes. *McAuley v General Motors Corp,* 457 Mich 513, 518; 578 NW2d 282 (1998). Accordingly, we begin with the plain language of the court rule. When that language is unambiguous, we must enforce the meaning expressed, without further judicial construction or interpretation. See *Tryc v Michigan Veterans' Facility,* 451 Mich 129, 135; 545 NW2d 642 (1996). Similarly, common words must be understood to have their everyday, plain meaning. See MCL 8.3a; see also *Perez v Keeler Brass Co,* 461 Mich 602, 609; 608 NW2d 45 (2000)." [*CAM Constr, supra* at 554, quoting *Grievance Administrator v Underwood,* 462 Mich 188, 193-194; 612 NW2d 116 (2000).]

MCR 2.504(A)(1) provides:

> Subject to the provisions of MCR 2.420 and MCR 3.501(E), an action may be dismissed by the plaintiff without an order of the court and on the payment of costs

(a) by filing a notice of dismissal before service by the adverse party of an answer or of a motion under MCR 2.116, whichever first occurs; or

(b) by filing a stipulation of dismissal signed by all the parties.

Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a dismissal under subrule (A)(1)(a) operates as an adjudication on the merits when filed by a plaintiff who has previously dismissed an action in any court based on or including the same claim.

Pursuant to the language of subrule (A)(1), a plaintiff's dismissal of claims previously asserted and dismissed constitutes an adjudication on the merits only when it is a dismissal under subrule (A)(1)(a). Subrule (A)(1)(a) provides, in pertinent part, that "an action may be dismissed by the plaintiff *without an order of the court and on payment of costs by filing a notice of dismissal . . . .*" (Emphasis added.) Here, plaintiff's second action was not dismissed by plaintiff "without an order of the court and on payment of costs," as set forth in subrule (A)(1)(a). Our conclusion is not altered by use of the permissive term "may" in this subsection of the rule. Mandatory language could not be used in this rule because it addresses voluntary, rather than mandatory, dismissals of actions. Stated differently, a plaintiff may or may not dismiss a suit voluntarily—a plaintiff is never required to dismiss a suit voluntarily. To the extent the plaintiff seeks to effectuate a voluntary dismissal, it is only a dismissal pursuant to subrule (A)(1)(a) if it is accomplished "without an order of the court and

on payment of costs by filing a notice of dismissal
. . . ."[4]

We also find unpersuasive defendants' argument
that, because the trial court entered this order of dis-
missal without conducting a hearing and without
requiring plaintiff to file a motion for dismissal, the
entry of the order by the trial court should be deemed
an administrative function that does not preclude the
res judicata effect of subrule (A)(1)(a). Subrule
(A)(1)(a) does not provide that an action may be dis-
missed by court order as long as there was no motion
and hearing before the court. Instead, the rule
expressly provides that the dismissal under subrule
(A)(1)(a) be accomplished without an order of the
court. Plaintiff submitted to the court an order of vol-
untary dismissal that expressly provided the dismissal
was without prejudice and without payment of costs.
The trial court accepted plaintiff's proposed order
and dismissed the suit on the terms plainly expressed
in the order—without prejudice and without payment
of costs to any party. When a dismissal is pursuant to
subrule (A)(1)(a), the trial court does not enter an
order. Rather, the dismissal is effectuated by the filing
of a notice of dismissal through the clerk of the
court.[5]

Plaintiff's second dismissal was not a dismissal
under subrule (A)(1)(a). Dismissal of plaintiff's sec-
ond action falls squarely under MCR 2.504(A)(2),
which provides, "[e]xcept as provided in subrule

---

[4] A voluntary dismissal by stipulation is governed by MCR
2.504(A)(1)(b), and a voluntary dismissal by order of the court is gov-
erned by MCR 2.504(A)(2).

[5] Further, the notice of dismissal pursuant to subrule (A)(1)(a) must
include a commitment by plaintiff to pay as yet undetermined costs.

(A)(1), an action may not be dismissed at the plaintiff's request except by order of the court on terms and conditions the court deems proper." A dismissal under subrule (A)(2) is without prejudice unless the order specifies otherwise. MCR 2.504(A)(2)(b). A dismissal under subrule (A)(2) does not operate as an adjudication on the merits pursuant to subrule (A)(1).

We recognize that subrule (A)(1) is inartfully worded and difficult to comprehend. Still, a court rule, like a statute or a contract, may not be declared ambiguous or void merely because its meaning is difficult to discern. Where, as here, the language of a court rule leads to a single reasonable interpretation, courts are required to implement the court rule as written. *Colucci v McMillin*, 256 Mich App 88, 94; 662 NW2d 87 (2003).

We further recognize that this court rule lacks effectiveness, at best. As a general matter, courts operate through written orders. MCR 2.602(A); *Tiedman v Tiedman*, 400 Mich 571, 576; 255 NW2d 632 (1977). Most practitioners dismiss an action by submitting an order of dismissal to the court.[6] We also recognize that a plaintiff would rarely consent to pay undetermined costs to a party or parties who have not been served as a condition precedent to the privilege of voluntarily dismissing an action by notice. Nonetheless, the fact that the effectiveness of a court rule is diminished by the enforcement of the plain meaning of that rule does not justify modification of the rule by judicial fiat.

---

[6] We are unaware of any court rule or statute that requires dismissal of actions be accomplished only by court order. Significantly, subrule (A)(1) expressly states that a dismissal may be obtained without an order of the court by filing a notice of dismissal.

Reversed and remanded. We do not retain jurisdiction.[7]

SCHUETTE, J., concurred.

SAAD, P.J. (*dissenting*). I respectfully dissent. While I appreciate the difficulty of interpreting this inartfully drafted court rule, I believe the plain language of the rule compels the trial court's ruling. That is, though I respect the majority's interpretation as an effort to apply the plain language of the rule, I believe the "plain language" analysis results in dismissal of the third suit after two voluntary dismissals. I read the permissive "may" in MCR 2.504(A)(1) to allow a plaintiff to dismiss, voluntarily, a suit either with or without an order or with or without an assessment of costs depending on the circumstances of the case. The rule gives a plaintiff discretion to voluntarily dismiss one action but says if the plaintiff voluntarily dismisses a second action (and again gives the plaintiff discretion to do so without an order), then the second dismissal will be treated as a final adjudication. This reading gives meaning to all the words of the court rule while the majority's reading renders the court rule meaningless.

For example, regarding costs, plaintiff argues and the majority reasons that, because subrule (A)(1)(a) states that a plaintiff may dismiss an action "without an order of the court and *on the payment of costs*," and because, in the second suit, the trial court failed to impose costs, the second dismissal did not trigger the "adjudication on the merits" provision. The lan-

---

[7] In light of our disposition above, we need not address plaintiff's other arguments on appeal.

guage regarding the potentiality of the imposition of costs does not change the nature of plaintiff's voluntary notice of dismissal. Rather, the rule merely affords a defendant the protection of recovering his expenses incurred, if any, because of a plaintiff's unilateral decision to file and then dismiss an action before responsive pleadings are filed. Nothing in MCR 2.504 says or suggests that a plaintiff's notice of dismissal *depends on* the imposition of costs, or that the *res judicata* effect of a second dismissal is nullified if no costs are imposed. If a defendant decides not to pursue his right to reimbursement of costs (for example, if the costs are minimal), and, therefore, the trial court does not "impose costs," this does not remove the second dismissal from the consequences of the plain language of the rule. To so hold simply renders the court rule totally ineffective in cases where a defendant, for whatever reason, chooses not to seek costs.