SHIROKA v FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN

Docket No. 269210. Submitted June 12, 2007, at Detroit. Decided June
19, 2007, at 9:05 a.m.

Agetina Shiroka brought an action in the Wayne Circuit Court
against Farm Bureau General Insurance Company of Michigan
and Robert A. Kennedy. Shiroka had been injured in an automobile
accident in Macomb County involving Kennedy, and Farm Bureau
was her no-fault insurer. Shiroka alleged that Kennedy was
negligent and that Farm Bureau had unreasonably refused to pay
or delayed paying personal protection insurance benefits and
uninsured motorist benefits. Kennedy did not answer the com-
plaint, and Shiroka ultimately moved for the entry of a default
judgment against him. Farm Bureau moved to change venue to
Macomb County, which it argued was the venue specified in
Shiroka's no-fault policy and the proper venue under MCL
600.1629(1), which governs tort actions. The court, Susan D.
Borman, J., denied Farm Bureau's motion, concluding that Shiro-
ka's claims against Farm Bureau, the only claims remaining in the
lawsuit, were contractual in nature and therefore governed by
MCL 600.1621. Farm Bureau appealed by leave granted.

The Court of Appeals *held*:

1. The policy provision concerning venue is unenforceable and
accordingly plays no role in determining the proper venue in this
case. Contractual provisions establishing the venue for potential
causes of action that may arise after the parties executed the
contract conflict with existing court rules and statutory venue
provisions and thus are not enforceable.

2. The trial court erred by denying Farm Bureau's motion to
change venue. Shiroka's complaint alleged multiple causes of
action, including claims for breach of contract against Farm
Bureau and a tort claim against Kennedy. Because Shiroka pleaded
more than one cause of action and one of those was in tort, MCL
600.1641(2) requires that venue be determined using the statute
concerning venue for torts, MCL 600.1629(1), under which the
appropriate venue depends on the number of defendants or

plaintiffs and whether a defendant or plaintiff is a corporation. In this case, Macomb County is the proper venue under MCL 600.1629(1)(b)(*i*).

3. Venue is determined at the time a suit is filed and is not normally defeated by subsequent events. Shiroka alleged a tort claim against Kennedy when she filed her complaint. An intervening event, such as the fact that Kennedy defaulted and the tort cause of action was removed from the suit, does not warrant reconsideration of venue.

Reversed and remanded for entry of an order transferring venue to Macomb County.

VENUE — MULTIPLE CAUSES OF ACTION — TORTS — CONTRACTS — DEFAULT JUDGMENTS.

Venue for a lawsuit in which a plaintiff pleads multiple causes of action must be determined under the statute concerning venue for torts if at least one of the causes of action pleaded is a tort; venue is determined when the plaintiff files the lawsuit, and an intervening event, such as the default of the party against whom the tort is alleged and the consequent removal of the tort cause of action from the suit, does not warrant a reconsideration of venue (MCL 600.1629[1], 600.1641[2]).

*Buckfire & Buckfire, P.C.* (by *Daniel L. Buckfire* and *Thomas N. Economy*), for Agetina Shiroka.

*Kopka, Pinkus, Dolin & Eads, PLC* (by *Mark L. Dolin*), for Farm Bureau General Insurance Company of Michigan.

Before: WHITBECK, C.J., and WILDER and BORRELLO, JJ.

PER CURIAM. Defendant Farm Bureau General Insurance Company of Michigan appeals by leave granted the trial court's order denying its motion for a change of venue. We reverse.

I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff Agetina Shiroka's claims arise out of injuries she sustained in an automobile accident with

defendant Robert Allen Kennedy. In late April 2005, Shiroka was driving her car in Macomb County when a car driven by Kennedy struck her car. Shiroka filed suit in the Wayne Circuit Court against Kennedy and Farm Bureau, the provider of her automobile insurance policy. The three-count complaint alleged that (1) Farm Bureau had unreasonably refused to pay or delayed in paying Shiroka the no-fault personal protection insurance (PIP) benefits she was owed pursuant to their contract for no-fault automobile insurance, (2) Farm Bureau was obligated to pay Shiroka's uninsured motorist claim because Kennedy was uninsured and Shiroka had uninsured motorist coverage, and (3) Kennedy had failed to drive with reasonable care and was liable under a negligence theory for injuries he caused Shiroka.

Farm Bureau filed its answer and affirmative defenses, asserting general denials of liability. Kennedy, however, did not file a timely answer, and Shiroka filed a default against him. Although a review of the lower court's electronic register of actions does not show that the trial court entered a default judgment against Kennedy, Shiroka did file a motion for entry of a default judgment against Kennedy, and both Farm Bureau and the trial court acknowledged that Kennedy was in default.

Following its answer, Farm Bureau filed a motion to change venue. Farm Bureau first pointed out that its insurance policy specifically provided that court actions regarding uninsured motorist coverage and benefits must take place in the venue of the county and state in which the policy was purchased. Because Shiroka's insurance policy was purchased in Macomb County, Farm Bureau maintained that she was contractually required to pursue her claims in Macomb County and

not Wayne County. Second, Farm Bureau argued that MCL 600.1629(1), the statute regarding venue in tort actions, governed this case and that Macomb County was therefore the proper venue.

Shiroka filed her response, arguing that the venue provision in her contract with Farm Bureau was void pursuant to the governing caselaw. Shiroka further maintained that the tort venue statute was not the proper venue statute to apply in this case because her claims against Farm Bureau were contractual and not tort claims. Accordingly, Shiroka argued that MCL 600.1621, the venue statute for cases involving contract claims, governed the instant case and provided that Wayne County, a county in which Farm Bureau conducted business, was the appropriate venue.

At the hearing on Farm Bureau's motion, the trial court indicated that Shiroka's claims against Farm Bureau were contractual in nature. As such, the trial court reasoned, MCL 600.1621 applied and provided that venue was proper in Wayne County. In response to Farm Bureau's argument that Shiroka's claim against Kennedy sounded in tort, the trial court pointed out that Kennedy, who never objected to venue, had defaulted. The trial court concluded that because the only claims remaining were contractual claims, the tort venue statute was inapplicable. Accordingly, the trial court entered an order denying Farm Bureau's motion to change venue.

In late March 2006, Farm Bureau filed with this Court an application for leave to appeal the trial court's order denying its motion to change venue, a motion for immediate consideration, and a motion for peremptory reversal. This Court entered an order granting Farm Bureau's application for leave to appeal and motion for immediate consideration, but denying its motion for

peremptory reversal.[1] Farm Bureau then moved to expedite the appeal, but in lieu of granting Farm Bureau's motion, this Court entered an order staying the trial court proceedings.[2]

## II. CHANGE OF VENUE

### A. STANDARD OF REVIEW

Farm Bureau's sole contention on appeal is that the trial court erred when it denied its motion to change venue to Macomb County because Shiroka's claims include a tort cause of action, mandating the application of the tort venue statute, which provides that venue is proper in Macomb County. "This Court reviews a trial court's ruling in response to a motion to change improper venue under the clearly erroneous standard."[3] A decision is clearly erroneous if the reviewing court is left with the definite and firm conviction that a mistake has been made.[4] This Court reviews de novo the trial court's interpretation of statutes governing venue.[5]

### B. RULES OF STATUTORY INTERPRETATION

This appeal involves the interpretation of the venue statutes. "The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature."[6] Initially, this Court reviews the language

---

[1] *Shiroka v Farm Bureau Gen Ins*, unpublished order of the Court of Appeals, entered April 19, 2006 (Docket No. 269210).

[2] *Shiroka v Farm Bureau Gen Ins*, unpublished order of the Court of Appeals, entered October 9, 2006 (Docket No. 269210).

[3] *Massey v Mandell*, 462 Mich 375, 379; 614 NW2d 70 (2000).

[4] *Id.*

[5] *Colucci v McMillin*, 256 Mich App 88, 93-94; 662 NW2d 87 (2003).

[6] *Id.* at 94.

of the statute itself.[7] "If the statute is unambiguous on its face, the Legislature is presumed to have intended the meaning plainly expressed and further judicial interpretation is not permitted."[8] " 'Only where the statutory language is ambiguous may a court properly go beyond the words of the statute to ascertain legislative intent.' "[9]

> An ambiguity of statutory language does not exist merely because a reviewing court questions whether the Legislature intended the consequences of the language under review. An ambiguity can be found only where the language of a statute as used in its particular context has more than one common and accepted meaning. Thus, where common words used in their ordinary fashion lead to one reasonable interpretation, a statute cannot be found ambiguous.[10]

### C. THE INSURANCE CONTRACT VENUE PROVISION

We conclude that Farm Bureau's claim that the venue provision in its insurance contract with Shiroka should control is without merit. Michigan precedent establishes that "contractual provisions establishing venue for potential causes of action that may arise *after* the contract is executed are unenforceable."[11] In *Omne Financial, Inc v Shacks, Inc*, the Michigan Supreme Court pointed out that such provisions are in conflict with existing court rules and statutory venue provisions.[12] Accordingly,

---

[7] *Id.*

[8] *Id.*

[9] *Id.*, quoting *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999).

[10] *Colucci, supra* at 94.

[11] *Omne Financial, Inc v Shacks, Inc*, 460 Mich 305, 317; 596 NW2d 591 (1999) (emphasis in original).

[12] *Id.*

given that the provision at issue is unenforceable, it plays no role in determining venue for this case.

### D. CONTRACT VERSUS TORT

Venue is determined at the time the suit is filed and is not normally defeated by subsequent events.[13] Shiroka's complaint alleged that (1) Farm Bureau was obligated to pay her PIP benefits pursuant to their contract and the no-fault act, (2) Kennedy was liable for his third-party negligence, and (3) Farm Bureau was responsible for uninsured motorist benefits. Shiroka thus raised multiple causes of action,[14] including claims for breach of contract[15] against Farm Bureau and a tort claim against Kennedy. Given the two different types of actions implicated, this appeal centers on whether the venue statute for contract actions or for tort actions applies.

When Shiroka filed suit,[16] she was suing two defendants, alleging a tort claim against Kennedy and contract claims against Farm Bureau. In light of the inclusion of these two causes of action, it is necessary to examine the venue provision concerning joinder, MCL 600.1641, which provides:

> (1) Except as provided in subsection (2), if causes of action are joined, whether properly or not, venue is proper in any county in which either cause of action, if sued upon

---

[13] *Kerekes v Bowlds*, 179 Mich App 805, 808; 446 NW2d 357 (1989).

[14] *Colucci, supra* at 98 (noting that one automobile accident can give rise to several causes of action against multiple defendants).

[15] First-party claims for no-fault benefits are contract actions, not tort actions. *Rory v Continental Ins Co*, 473 Mich 457, 465-466; 703 NW2d 23 (2005) (holding that uninsured motorist coverage is completely contractual); *Ferguson v Pioneer State Mut Ins Co*, 273 Mich App 47, 53-54; 731 NW2d 94 (2006).

[16] *Kerekes, supra* at 808.

separately, could have been commenced and tried, subject to separation and change as provided by court rule.

(2) If more than 1 cause of action is pleaded in the complaint or added by amendment at any time during the action and 1 of the causes of action is based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, venue shall be determined under the rules applicable to actions in tort as provided in section 1629.

Under subsection 2, if, as here, a plaintiff pleads more than one cause of action in a complaint and one of those is in tort, venue shall be determined under the tort venue statute, MCL 600.1629(1), which provides, in pertinent part:

[I]n an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, all of the following apply:

(a) The county in which the original injury occurred and in which either of the following applies is a county in which to file and try the action:

(i) The defendant resides, has a place of business, or conducts business in that county.

(ii) The corporate registered office of a defendant is located in that county.

(b) If a county does not satisfy the criteria under subdivision (a), the county in which the original injury occurred and in which either of the following applies is a county in which to file and try the action:

(i) The plaintiff resides, has a place of business, or conducts business in that county.

(ii) The corporate registered office of a plaintiff is located in that county.

(c) If a county does not satisfy the criteria under subdivision (a) or (b), a county in which both of the following apply is a county in which to file and try the action:

(*i*) The plaintiff resides, has a place of business, or conducts business in that county, or has its corporate registered office located in that county.

(*ii*) The defendant resides, has a place of business, or conducts business in that county, or has its corporate registered office located in that county.

(d) If a county does not satisfy the criteria under subdivision (a), (b), or (c), a county that satisfies the criteria under section 1621 or 1627 is a county in which to file and try an action.

Our analysis begins under subsection 1(a), which provides that venue is proper in the county where the original injury occurred, provided that "[t]he defendant" resides, has a place of business, or conducts business in that county[17] or "a defendant" has its corporate registered office in that county.[18] The original injury occurred in Macomb County, and Farm Bureau conducts business in that county. Thus, Farm Bureau would satisfy subsection 1(a)(*i*) if it were the only defendant. But the Michigan Supreme Court has explained that, in the context of the venue statute, the Legislature intended different meanings by the terms "[t]he defendant" and "a defendant."[19] The term "[t]he defendant" applies in cases in which there is only one defendant.[20] Thus, because this case has two defendants and Kennedy does not satisfy subsection 1(a)(*i*), subsection 1(a)(*i*) cannot confer venue in this case.

Conversely, MCL 600.1629(1)(a)(*ii*) requires "a defendant" to have its corporate registered office in the county. The term "a defendant" applies in cases in

---

[17] MCL 600.1629(1)(a)(*i*).

[18] MCL 600.1629(1)(a)(*ii*).

[19] *Massey, supra* at 382-383.

[20] *Id.* at 382.

which there is more than one defendant.[21] Although there is more than one defendant in this case, neither Farm Bureau nor Kennedy has a corporate registered office in Macomb County. Thus, venue fails under subsection 1(a)(*ii*).

Next, we turn to subsection 1(b)(*i*), which provides that venue is proper in the county where the accident occurred, provided that the plaintiff resides, has a place of business, or conducts business in that county. The accident in this case occurred in Macomb County, and Shiroka resides in Macomb County. Thus, venue is proper in Macomb County under MCL 600.1629(1)(b)(*i*).

After Farm Bureau filed its motion to change venue to Macomb County, Kennedy was defaulted for failure to timely respond to Shiroka's complaint. Shiroka therefore argues that the tort claim against Kennedy should not be considered when determining venue because after Kennedy's default, the only questions remaining before the court were those pertaining to the insurance contract between her and Farm Bureau. The resolution of this issue depends on whether courts should consider allegations against defaulted defendants when determining venue. To support her contention that venue may properly be reconsidered in certain circumstances after the commencement of a lawsuit, Shiroka points to *Colucci v McMillin*, which held that "MCL 600.1641(2) indicates a legislative intent to allow venue to be considered after a complaint is amended to add one or more causes of action."[22] Shiroka argues that, by extension, a trial court should be permitted to reconsider venue after an intervening event—like, as here, the default of a party—removes a cause of action

---

[21] *Id.* at 383.

[22] *Colucci, supra* at 95-96.

from the suit. However, the *Colucci* Court's conclusion was firmly rooted in the plain language of MCL 600.1641(2), which pertains to only one kind of intervening event: the amendment of a complaint to *add* one or more causes of action. MCL 600.1641(2) provides:

> If more than 1 cause of action is pleaded in the complaint or added by amendment at any time during the action and 1 of the causes of action is based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, venue shall be determined under the rules applicable to actions in tort as provided in section 1629.

Shiroka has not cited any legal authority for her proposition that a court deciding a motion to change venue should ignore allegations made against a defaulted party. It appears that this issue has not yet been specifically answered by a Michigan court. And we are not convinced that because MCL 600.1641(2) permits reconsideration of venue after the commencement of a lawsuit if a complaint is amended to add one or more causes of action, a court should be permitted to reconsider venue after an intervening event *removes* a cause of action from the suit. Shiroka has not sufficiently supported her position that the default of a party is tantamount to the addition of a claim and similarly warrants a reconsideration of venue.

At the time Shiroka filed her complaint, she alleged a tort claim against Kennedy. Absent legal authority holding that claims against parties who subsequently default are not to be considered in venue evaluations, we find that the plain language of MCL 600.1641(2) should be enforced, thereby requiring the application of the tort venue statute to the case at hand.

Further, we are satisfied that Macomb County is a fitting and convenient forum for both parties. Macomb

County is where the accident occurred, where Shiroka resides, and one of the many counties where Farm Bureau conducts its business. Because MCL 600.1629 applies in this case and provides that venue is proper in Macomb County and not Wayne County, we conclude that the trial court erred in denying Farm Bureau's motion to change venue to Macomb County.

Reversed and remanded for entry of an order transferring venue to the Macomb Circuit Court. We do not retain jurisdiction.