# STATE OF MICHIGAN

# COURT OF APPEALS

TOLAS OIL & GAS EXPLORATION CO.,
PETRO J. TOLAS, GEORGE J. TOLAS,
TOLAS BROTHERS, INC., DOUGLAS
DARNELL, WILLIAM WERNER,
ROBERT WERNER, JOHN A. ERITANO,
PETER S. WILES, SANDY T. WILES, and
PAUL F. PATRICK,

               Plaintiffs-Appellants,

v

BACH SERVICES & MANUFACTURING LLC,
BACH ENERGY SYSTEMS LLC, BACH
OILFIELD SERVICES LLC, D&J
EXPLORATION LLC, R CUBED LLC,
ROBIN BACH, RICK BACH, DAVID VERWEY,
DAN VERWEY, ANDY VERWEY, KENNETH
RUSSELL, and DAVID BIEGANOWSKI,

               Defendants-Appellees.

UNPUBLISHED
August 22, 2017

Nos. 333075, 333942
Montcalm Circuit Court
LC No. 2015-020942-CZ

Before: BOONSTRA, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

In this consolidated appeal, plaintiffs appeal by leave granted in both docket numbers the trial court's order granting defendants' motion to change venue and subsequent order granting attorney fees and costs to defendants. This matter arises out of an oil and gas well physically located in Eaton County. Plaintiffs and at least some defendants hold ownership interests in the well, and many of them have a variety of shared interests in other wells in other counties. The general allegations are that defendants fraudulently deceived investors into approving a procedure intended to increase the well's oil production but that actually resulted in diminished production and eventual closure of the well. Defendants profited from performing the procedure. Relevant to the instant appeal, defendants contended that venue was improper in Montcalm County and was instead proper in Eaton County, and plaintiffs were obligated to pay costs and fees associated with transferring the matter. The trial court agreed. We reverse and remand for further proceedings in Montcalm County.

-1-

As an initial matter, the trial court determined that all of plaintiffs' allegations sounded in tort. Because plaintiffs do not dispute this finding on appeal, we will neither consider nor revisit that determination; rather, we will simply accept it without making our own determination. We review for clear error a trial court's ruling on a motion to change improper venue. *Massey v Mandell*, 462 Mich 375, 379; 614 NW2d 70 (2000). Venue is governed by statute. *Dimmitt & Owens Fin, Inc v Deloitte & Touche (ISC), LLC*, 481 Mich 618, 624; 752 NW2d 37 (2008). The trial court's interpretation of underlying statutes is reviewed de novo. *Shiroka v Farm Bureau Gen Ins Co of Mich*, 276 Mich App 98, 102; 740 NW2d 316 (2007). Plaintiffs must establish the propriety of their chosen venue, but "[b]attles over venue that endure for years and are a great expense should be discouraged and avoided when there are convenient and fair locations for trial that fulfill the venue requirements of Michigan statutes and court rules." *Gross v Gen Motors Corp*, 448 Mich 147, 155-156; 528 NW2d 707 (1995).

Because this is presumed to be a tort action, venue analysis begins with MCL 600.1629, which addresses "an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death." Under MCL 600.1629(2), a party may seek a change of venue "based on hardship or inconvenience," which is inapplicable because defendants did not do so. The parties agree that none of the enumerated conditions under MCL 600.1629(1)(a) through (c) are satisfied because those three subsections explicitly depend on a *single* county in which a *single* injury occurred, or a *single* plaintiff or defendant. We agree. See *Massey*, 462 Mich at 382 n 5. Therefore, venue must be determined pursuant to MCL 600.1629(1)(d), which provides that venue is therefore proper in "a county that satisfies the criteria under [MCL 600.1621] or [MCL 600.1627]."

MCL 600.1621 provides:

Except for actions provided for in sections 1605, 1611, 1615, and 1629, venue is determined as follows:

(a) The county in which a defendant resides, has a place of business, or conducts business, or in which the registered office of a defendant corporation is located, is a proper county in which to commence and try an action.

(b) If none of the defendants meet 1 or more of the criteria in subdivision (a), the county in which a plaintiff resides or has a place of business, or in which the registered office of a plaintiff corporation is located, is a proper county in which to commence and try an action.

(c) An action against a fiduciary appointed by court order shall be commenced in the county in which the fiduciary was appointed.

MCL 600.1627 provides:

Except for actions founded on contract and actions provided for in sections 1605, 1611, 1615, and 1629, the county in which all or a part of the cause of action arose is a proper county in which to commence and try the action. Suits against the surety of a public officer or his or her appointees are not excepted from the application of this section.

This Court has referred to both MCL 600.1621 and MCL 600.1627 as "general venue statutes." *Colucci v McMillin*, 256 Mich App 88, 97, 100; 662 NW2d 87 (2003). Both statutes provide exceptions for "actions provided for in sections 1605, 1611, 1615, and 1629," the first three of which are inapplicable and the last of which, as discussed, simply points back to §§ 1621 or 1627. Although MCL 600.1621 is applicable to actions sounding in contract, nothing in the plain language thereof *restricts* it to such actions, and indeed, our Supreme Court has clearly applied it in other circumstances. See *Massey*, 462 Mich at 377, 384-385.

Notably, other than MCL 600.1621(c), both statutes use "*a*" instead of "*the*," with the obvious implication that venue might be proper in more than one county. Furthermore, the plain language of MCL 600.1629(1)(d) uses "*or*," equally clearly establishing that venue might be proper in any county proper under *either* §§ 1621 or 1627. In a *forum non conveniens* context, a plaintiff's selection of a particular venue is given deference. *Anderson v Great Lakes Dredge & Dock Co*, 411 Mich 619, 628-629; 309 NW2d 539 (1981); *Duyck v Intl Playtex, Inc*, 144 Mich App 595, 599; 375 NW2d 769 (1985), overruled on other grounds by *Russell v Chrysler Corp*, 443 Mich 617; 505 NW2d 263 (1993). Although not directly applicable, the principle that a plaintiff is entitled to choose among any of several available proper venues *is* applicable, and moreover there is no statutory priority between MCL 600.1627 and MCL 600.1621. *Dawley v Hall*, ___ Mich App ___, ___; ___ NW2d ___ (Docket No. 331800, issued May 9, 2017) (slip op at p 5). Consequently, plaintiffs are entitled to commence suit in *any* county that would be deemed proper under either MCL 600.1621 or MCL 600.1627.

Here, venue is proper under MCL 600.1621(a) in a county "in which a defendant resides, has a place of business, or conducts business, or in which the registered office of a defendant corporation is located." No party disputed plaintiffs' allegations in the complaint that some of the defendants conducted business in Montcalm County. The arguments in the trial court centered primarily on legal questions involving the application of the various venue statutes. Plaintiffs therefore carried their burden of proving a proper venue under MCL 600.1629(1)(d). MCL 600.1621(a); *Gross*, 448 Mich at 155-156. The trial court unambiguously erred in concluding that venue had been improper in Montcalm County.

Although strictly speaking it is therefore irrelevant whether venue might have *also* been proper in Eaton County, some of the defendants make that argument. We disagree. As noted, "a defendant" has a different meaning from "the defendant." *Massey*, 462 Mich at 382-383, 382 n 5 and n 7. Use of "the" is proper where there is a *single* defendant. *Shiroka*, 276 Mich App at 106. Obviously, both MCL 600.1629(1)(a)(*i*) and (b)(*i*) are inapplicable in the instant case involving multiple plaintiffs and defendants. Although MCL 600.1629(1)(a)(*ii*) and (b)(*ii*) are satisfied if, respectively, "a defendant" or "a plaintiff" has its corporate registered office in that county, there are no claims by any party in the instant case that any plaintiff or defendant has a corporate registered office in Eaton County. Consequently, venue cannot be established under Subdivisions 1629(1)(a) or 1629(1)(b). Therefore, the trial court's venue ruling cannot be supported on this alternative ground where there are multiple plaintiffs and defendants. *Massey*, 462 Mich at 382 n 5; *Shiroka*, 276 Mich App at 106.

Additionally, MCL 600.1629(1)(a) or MCL 600.1629(1)(b) both provide that venue is proper in "[t]he county in which the original injury occurred," which "clearly and unambiguously limits venue to the situs of the original injury when either the defendant or the

plaintiff resides, does business, or has a corporate office there." *Dimmitt*, 481 Mich at 628. Significantly, the "original injury" is not the original breach of the standard of care, and the two might be located in different counties. *Id*. at 630. In that case, the Court determined that the injury was where the plaintiffs felt the effects of the defendants' breach, and because the injury was the plaintiffs' parent company's inability to satisfy its financial obligations and subsequent forced liquidation, it occurred in the county of the plaintiffs' principal places of business. *Id*. at 632.

The first injury suffered here was diminished financial returns from the diminished productivity of the well, which therefore was felt at their principal places of business (for plaintiffs that are companies) and at their places of residence (for the individual plaintiffs). None of the principal places of business or residences were argued to be in Eaton County, so the original injury did not occur there; furthermore, because plaintiffs are located in various different counties, the requirement of "the county" in which the original injury occurred cannot be satisfied in any event. Defendant Russell's reliance on *Schroeder v Terra Energy*, *Ltd*, 223 Mich App 176, 179, 180, 181, 188-189; 565 NW2d 887 (1997), for the proposition that plaintiffs suffered their economic damage at the wellhead is misplaced because *Schroeder* was a breach of contract action where the issue on appeal involved the interpretation of language in a lease agreement; venue and the location of the original injury for purposes of MCL 600.1629 were not at issue in that case. Defendants do not argue that MCL 600.1692(1)(c) applies, and neither § 1629(1)(a) nor § 1629(1)(b) apply. Although MCR 8.111(D) discusses when a case should be assigned to a particular judge based on a prior connection to an action arising out of the same transaction or occurrence, MCR 8.111 is only directed at case assignment to judges within a particular court; it is not a venue rule. MCR 8.111(A); MCR 8.110(A).

The trial court clearly erred in ruling that venue was improper in Montcalm County. The trial court's order so holding is reversed. Because the trial court's order granting costs, fees, and expenses was based on MCR 2.223(B)(1) and MCL 600.1653, which are predicated on a motion to change venue being properly granted, that order must likewise be reversed. See *Smith v Khouri*, 481 Mich 519, 526, 526; 751 NW2d 472 (2008). Accordingly, the trial court's orders under appeal are reversed, and this matter is remanded to the Montcalm Circuit Court for further proceedings. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle

-4-