KLIDA v BRAMAN

Docket No. 273334. Submitted December 12, 2007, at Lansing. Decided February 19, 2008, at 9:00 a.m. Leave to appeal sought.

Katie M. Klida brought an action in the Bay Circuit Court seeking underinsured motorist benefits from Farm Bureau General Insurance Company of Michigan for injuries she had sustained in a motor vehicle accident three years earlier, when she was 15 years old. Farm Bureau moved for summary disposition on the ground that the insurance contract barred actions that were brought more than one year after the date of the accident at issue. The court, Joseph K. Sheeran, J., denied the motion, ruling that the minority tolling provision of the Revised Judicature Act (RJA), MCL 600.5851(1), allowed the plaintiff one year after reaching the age of majority to bring a breach of contract action. Farm Bureau appealed.

The Court of Appeals *held*:

A reasonable construction of the ambiguous phrase "under this act" in the minority tolling provision of the RJA that best accomplishes the statute's remedial purpose is that all civil actions are brought "under" the RJA regardless of whether the cause of action arose by statute, common law, or contract. Therefore, the minority tolling provision applied to give the plaintiff one year after reaching the age of majority to bring an action for breach of contract against the defendant, regardless of the contractual language to the contrary.

Affirmed.

1. LIMITATION OF ACTIONS — REVISED JUDICATURE ACT — TOLLING FOR MINORITY OR INSANITY.

The tolling provision for minors and the insane in the Revised Judicature Act gives a person one year after the disability is removed to bring an action for breach of contract, regardless of contractual language to the contrary (MCL 600.5851[1]).

2. LIMITATION OF ACTIONS — REVISED JUDICATURE ACT — TOLLING FOR MINORITY OR INSANITY.

For purposes of the tolling provision for minors and the insane, all civil actions are brought under the Revised Judicature Act regard-

less of whether the cause of action arose by statute, common law, or contract (MCL 600.101 *et seq.*; MCL 600.5851[1]).

*Wildeboer & Klida, LLP* (by *Dawn A. Klida*), for Katie M. Klida.

*Willingham & Coté, P.C.* (by *Anthony S. Kogut* and *Matthew K. Payok*), for Farm Bureau General Insurance Company of Michigan and Farm Bureau Mutual Insurance Company of Michigan.

Before: DONOFRIO, P.J., and SAWYER and CAVANAGH, JJ.

CAVANAGH, J. Defendant, Farm Bureau General Insurance Company of Michigan (Farm Bureau), appeals as of right the denial of its motion for summary disposition of plaintiff's underinsured motorist claim on the ground that the one-year contractual limitations period in the insurance policy barred plaintiff's action.[1] We affirm.

Plaintiff sustained injuries in a motor vehicle accident involving her mother's vehicle when she was 15 years old. It is undisputed that plaintiff was an insured under an underinsured motorist (UIM) insurance policy. That policy contained the following provisions: "No action can be brought against the company, unless there has been full compliance with all the policy provisions. No claimant may bring a legal action against the company more than one year after the date of the accident."

Shortly after she turned 18 years old, plaintiff filed this lawsuit seeking benefits under the policy "more

---

[1] Although defendants argued below that defendant Farm Bureau Mutual Insurance Company of Michigan was not a proper party to this action, its status is not an issue on appeal. For ease of reference, the singular "Farm Bureau" is used in this opinion.

than one year after the date of the accident." Defendant moved to dismiss the action pursuant to MCR 2.116(C)(10) on the ground that the plain language of the contract clearly barred the action. Plaintiff responded that MCL 600.5851(1)—the minority tolling provision[2] of the Revised Judicature Act (RJA), MCL 600.101 *et seq.*—allowed her to avoid the contractual limitation. The trial court agreed with plaintiff, holding that MCL 600.5851(1) applied to this breach of contract action that fell under the RJA and "a minor claimant has one year after attaining the age of majority to bring a breach of contract claim." Accordingly, defendant's motion for summary dismissal was denied. After stipulating to the entry of a final order, defendant appeals this decision.

We review de novo a trial court's ruling on a motion for summary disposition. *Cameron v Auto Club Ins Ass'n*, 476 Mich 55, 60; 718 NW2d 784 (2006) *(Cameron II)*. A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Admissible evidence submitted by the parties is considered in a light most favorable to the nonmovant to determine if the moving party is entitled to judgment as a matter of law. *Id.* Issues of statutory construction and contract interpretation are also reviewed de novo. *Cameron II, supra* at 60; *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005).

UIM insurance coverage is not mandated by statute; therefore, the provisions of the contract generally determine the circumstances under which benefits will be awarded. *Mate v Wolverine Mut Ins Co*, 233 Mich App

---

[2] MCL 600.5851(1) has also been termed the "minority/insanity tolling provision." We refer to it as the "minority tolling provision" in consideration of the circumstances presented in this case.

14, 19; 592 NW2d 379 (1998). The same contract construction principles apply to insurance policies as to any other type of contract. *Rory, supra* at 461. The provision of the contract at issue here is the one-year contractual limitation. Our Supreme Court has previously held that "an unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy." *Id.* at 470. Because plaintiff did not file her legal action until over three years after the accident, the action was barred under the terms of the policy unless she could establish that the one-year limitation was not applicable to her claim. See *id.*; *Clark v DaimlerChrysler Corp*, 268 Mich App 138, 141-142; 706 NW2d 471 (2005). Plaintiff argued that the minority tolling provision excepted her claim from the one-year limitation. The trial court agreed, as do we, although for different reasons.

The minority tolling provision, MCL 600.5851(1), provides:

> Except as otherwise provided in subsections (7) and (8), if the person first entitled to make an entry or bring *an action under this act* is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run. This section does not lessen the time provided for in section 5852. [Emphasis added.]

Plaintiff argues, and the trial court agreed, that her breach of contract lawsuit is such "an action under this act" because the RJA governs this civil action. As noted by the *Rory* Court, if the contract did not contain a limitations provision, the limitations period set forth in

MCL 600.5807(8) of the RJA would govern this breach of contract claim. See *Rory, supra* at 465. Defendant, also citing *Rory*, argues that the unambiguous contractual limitation must be enforced as written. *Id.* at 468-470. Defendant claims that MCL 600.5851(1) does not apply by its plain language because, consistent with this Court's holding in *Cameron v Auto Club Ins Ass'n,* 263 Mich App 95, 100-101; 687 NW2d 354 (2004) (*Cameron I*),[3] this action is not an "action under [the RJA]" and this contractual limitation is not a "period of limitations" provided for by the RJA.

In construing a statute, our primary goal is to ascertain the legislative intent. *Cameron II, supra* at 60. "The words of a statute provide 'the most reliable evidence of [the Legislature's] intent . . . .' " *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999), quoting *United States v Turkette*, 452 US 576, 593; 101 S Ct 2524; 69 L Ed 2d 246 (1981). Therefore, we first consider the statutory language. Unless defined in the statute, every word or phrase of a statute should be accorded its plain and ordinary meaning, considering the context in which the words are used. *Sun Valley Foods Co, supra* at 237. If the language is clear and unambiguous, it is assumed that the Legislature intended its plain meaning and the statute is enforced as written. *Id.* at 236.

At issue here is the phrase "entitled to . . . bring an action under this act." MCL 600.5851(1). Of critical importance is the meaning of the phrase "under this act." Clearly, "this act" refers to the RJA. Thus, we

---

[3] This holding was vacated by our Supreme Court, which held that the broader issue "whether the legislative amendments in 1993 PA 78 limit the applicability of the minority/insanity tolling provision to causes of action for which the applicable statute of limitations is set forth in the RJA" was unnecessarily addressed. *Cameron II, supra* at 64.

consider what the Legislature meant by the term "under" as relates to actions brought "under" the RJA. Because the term is not defined by the statute, we may consult a lay dictionary to determine its common, ordinary meaning. *Stanton v Battle Creek*, 466 Mich 611, 617; 647 NW2d 508 (2002); *Robinson v Detroit*, 462 Mich 439, 456 n 13; 613 NW2d 307 (2000). There are several definitions for the term but, considered in the context of this statute, it seems that "in accordance with: *under the provisions of the law*" is the most plausible. See *Random House Webster's College Dictionary* (2000). Thus, the minority tolling provision is applicable to actions brought in accordance with the RJA. But are not all civil actions brought in accordance with the RJA, including this breach of contract action? Are only causes of action that are created by statutes within the RJA actions brought "under" the RJA? Or are only the causes of action for which the RJA sets forth the applicable statute of limitations actions brought "under" the RJA? The Legislature's intent is unclear.

A court may look beyond the words of a statute to ascertain legislative intent where the statutory language is ambiguous. *Shiroka v Farm Bureau Gen Ins Co of Michigan*, 276 Mich App 98, 103; 740 NW2d 316 (2007). A statutory provision is ambiguous if it is equally susceptible to more than a single meaning. *Fluor Enterprises, Inc v Dep't of Treasury*, 477 Mich 170, 177 n 3; 730 NW2d 722 (2007), citing *Lansing Mayor v Pub Service Comm*, 470 Mich 154, 166; 680 NW2d 840 (2004). Statutory language is not ambiguous " 'merely because a reviewing court questions whether the Legislature intended the consequences of the language under review.' " *McGhee v Helsel*, 262 Mich App 221, 224; 686 NW2d 6 (2004), quoting *Colucci v McMillin*, 256 Mich App 88, 94; 662 NW2d 87 (2003). Rather,

an ambiguity exists only " 'where the language of a statute as used in its particular context has more than one common and accepted meaning. Thus, where common words used in their ordinary fashion lead to one reasonable interpretation, a statute cannot be found ambiguous.' " *Id*. Further, "a finding of ambiguity is to be reached only after 'all other conventional means of [ ] interpretation' have been applied and found wanting." *Lansing Mayor*, *supra* at 165, quoting *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 474; 663 NW2d 447 (2003). Thus, we take a closer look to determine whether the statutory provision is truly equally susceptible to more than a single meaning. See *Fluor Enterprises, Inc, supra*.

First we consider the proposition that all civil actions are brought in accordance with the RJA; thus, all civil actions are brought "under" the RJA. The RJA sets forth the organization and jurisdiction of the judiciary, as well as procedural provisions that are applicable to civil actions. See *Woodard v Custer*, 476 Mich 545, 611; 719 NW2d 842 (2006). The title of the RJA, MCL 600.101 *et seq.*, reads:

> An act to revise and consolidate the statutes relating to the organization and jurisdiction of the courts of this state; the powers and duties of such courts, and of the judges and other officers thereof; the forms and attributes of civil claims and actions; the time within which civil actions and proceedings may be brought in said courts; pleading, evidence, practice and procedure in civil and criminal actions and proceedings in said courts; to provide remedies and penalties for the violation of certain provisions of this act; and to repeal all acts and parts of acts inconsistent with, or contravening any of the provisions of this act.

Although the title is not binding authority for construing an act, it can be useful for interpreting statutory purpose and scope. *King v Ford Motor Credit Co*, 257

Mich App 303, 311-312; 668 NW2d 357 (2003). Consistent with this title, Justice CAVANAGH, in his dissent in *Cameron II, supra* at 91 n 5, quoting the plaintiff's brief, noted:

> "The RJA prescribes the jurisdiction of the courts, the basis of jurisdiction, and various other procedural guidelines within our civil justice system. It also prescribes a method for disputes to be resolved through the filing of a civil action. Specifically, at MCL 600.1901, the RJA states, 'a civil action is commenced by filing a complaint with the court.' Therefore, it is basic civil procedure that all lawsuits filed are brought 'under this act,' i.e., the RJA."

We agree that this interpretation of the phrase "under this act" is plausible. Specifically here, as the title advises, the RJA not only dictates other significant aspects of this civil action, such as jurisdiction and venue, it also sets forth "the time within which civil actions and proceedings may be brought in said courts [of this state]." Justice MARKMAN noted this purpose in his concurrence in *Cameron II*, stating that "the tolling provision instructs minors and insane persons that they are entitled to wait until one year after their legal disabilities have been removed to bring their civil actions, [but] if they do wait, [under the one-year-back rule, MCL 500.3145(1)], they will only be allowed to recover what may be a portion of the total damages incurred." *Cameron II, supra* at 73. Accordingly, it is plausible to conclude that plaintiff's civil action was brought under—in accordance with—the RJA.

However, the phrase "under this act" could also be construed to limit the application of the minority tolling provision, MCL 600.5851(1), to causes of action arising from a purported violation of a specific statutory provision contained within the RJA. This was the interpretation, for example, of the *Cameron I* Court, although this portion of the opinion was vacated as outside the

scope of review. *Cameron II*, *supra* at 64. Under this construction, only causes of action alleging a violation of certain statutory provisions of the RJA would be considered brought in accordance with the RJA and, thus, subject to the minority tolling provision. A review of the RJA reveals that, in significant part, such causes of action would be premised on a violation of a statute contained in Chapter 29 of the RJA, MCL 600.2901 *et seq*. Examples of such causes of action may include malicious prosecution,[4] encumbering property,[5] libel or slander,[6] nuisance,[7] stalking,[8] and malpractice against a certified public accountant.[9] The minority tolling provision would not apply, for example, to minors entitled to bring causes of actions arising from contract, the common law, or statutes not contained within the RJA, even if the applicable statute of limitations was provided by the RJA. This interpretation of the phrase "under this act" is also plausible.

A third possible construction is that the minority tolling provision may apply only to causes of action for which the applicable statute of limitations is set forth in the RJA; these cases would be brought "under" the RJA. This construction would expand the ambit of its application to include some statutory, common-law, and contract actions that are subject to the limitations periods set forth in the RJA. For example, third-party no-fault claims brought pursuant to MCL 500.3135(1) would be considered brought "under" the RJA because the three-year limitations period provided by MCL

---

[4] MCL 600.2907.

[5] MCL 600.2907a.

[6] MCL 600.2911.

[7] MCL 600.2940.

[8] MCL 600.2954.

[9] MCL 600.2962.

600.5805(10) of the RJA applies. See *Rory, supra* at 465 n 9. And a claim premised on an UIM contract that did not contain a limitations provision would be brought "under" the RJA because the general six-year period of limitations applicable to contract actions, MCL 600.5807(8), would apply. See *Rory, supra* at 465. But causes of action not governed by a statute of limitations period provided for by the RJA would not be considered brought "under" the RJA despite the fact that other significant provisions of the RJA would be applicable to the action. It is unclear whether the *Cameron II* Court implied this construction when it concluded that it was "unnecessary in [the *Cameron II*] case to reach the broader question whether the legislative amendments in 1993 PA 78 limit the applicability of the minority/insanity tolling provision to causes of action for which the applicable statute of limitations is set forth in the RJA." *Cameron II, supra* at 64. Nevertheless, it appears also to be a plausible construction of the phrase "under this act."

A review of the legislative history with regard to the minority tolling provision offers little guidance regarding the Legislature's intended meaning. Before the RJA was enacted, the minority tolling provision of the Judicature Act of 1915, 1915 CL 12325, provided that it applied to "any of the actions mentioned in this chapter," where "this chapter" was Chapter IX, titled "limitation of actions." It did not set forth a period of limitations for contract actions, but it did set forth the periods of limitations for several "real actions" and "personal actions," and contained other provisions pertaining to causes of action. See 1915 CL 12311 *et seq.,* see also 1948 CL 609.1 *et seq.* When the RJA was enacted in 1961, it added a period of limitations provision applicable to contract actions, MCL 600.5807. 1961 PA 236. And the minority tolling provision, MCL

600.5851(1), was amended to provide that it applied to "any action," which was interpreted to include, at least, causes of action created by the common law and Michigan statutes, *Lambert v Calhoun*, 394 Mich 179, 191-192; 229 NW2d 332 (1975), including "causes of action created under the no-fault statute, a Michigan statute." *Rawlins v Aetna Cas & Surety Co*, 92 Mich App 268, 277; 284 NW2d 782 (1979). In 1972, the statute was amended so as to apply to persons entitled to "bring an action," which did not result in a discernable change in meaning. In 1993, MCL 600.5851(1) was amended to its current form by 1993 PA 78, § 1 so as to apply to "an action *under this act*." It appears that § 5851(1) of the bill was introduced on January 28, 1993, with the additional language "under this act" already included. See SB 270 as introduced on January 28, 1993. Our research of the legislative journals, changes in the bill during its passage, staff analysis, committee reports, and other historical data has failed to reveal any reference to this particular change in the statutory language. Thus, there is no clear legislative intent to change the manner in which the minority tolling provision has previously been interpreted. But, as discussed above, there are three plausible interpretations of the phrase "under this act."

Because the statutory provision at issue is equally susceptible to more than a single meaning and we are neither able to ascertain the Legislature's intent by its specific language nor are we guided by the Legislature's preenactment proceedings, we conclude that the minority tolling provision, MCL 600.5851(1), is ambiguous. Therefore, judicial construction is appropriate. See *Adrian School Dist v Michigan Pub School Employees Retirement Sys*, 458 Mich 326, 332; 582 NW2d 767 (1998). In that regard, our duty is to consider the object of the statute, as well as the harm it is designed to

remedy, and apply a reasonable construction that best accomplishes the statute's purpose. *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 644; 513 NW2d 799 (1994).

Our construction of the minority tolling provision, MCL 600.5851(1), is guided by the legislative directive that the RJA "is remedial in character, and shall be liberally construed to effectuate the intents and purposes thereof." MCL 600.102. First, we consider the object of the statute. Generally, the purpose of statutes tolling the period of limitations for persons to whom a legal disability is attributed "is to allow protected classes of persons an opportunity to be made whole once their disabilities have been removed." *Cameron II*, *supra* at 74 (MARKMAN, J., concurring). Stated differently, "[t]he purpose of a savings or tolling statute for persons under a disability is to protect the legal rights of those who are unable to assert their own rights and to mitigate the difficulties of preparing and maintaining a civil suit while the plaintiff is under a disability." 51 Am Jur 2d, Limitation of Actions, § 218, p 591.

Next, we consider the harm that MCL 600.5851(1) was designed to remedy. A minor cannot sue on his or her own behalf. MCR 2.201(E)(1). Thus, a minor's civil cause of action that accrues and expires during his or her disability must be brought in a representative capacity by, for example a next friend, or not at all. See *id*. That is unless MCL 600.5851(1) operates to safeguard that right until the minor reaches the age of majority and can legally exercise his or her legal rights or choose not to do so. Without the tolling provision, the minor's legal rights are pursued or lost at the discretion of someone to whom the claim does not belong. And, if those rights are not pursued, the minor is completely denied the opportunity to act in his or her own best

interest upon reaching the age of majority. Justice CAVANAGH, in his dissenting opinion in *Cameron II*, *supra*, succinctly described the harm that the tolling provision was designed to remedy:

> [T]he saving provision is a necessary counterpart to the rule created by this Court that prohibits minors and the incompetent from bringing lawsuits on their own. MCR 2.201(E)(1)(b). Under that rule, minors and incompetents who wish to pursue a cause of action have no choice but to be represented by a conservator or next friend. Through the saving provision of MCL 600.5851(1), the Legislature has recognized not only that this group is prohibited from suing on its own, but that not all infants and incompetents have the benefit of someone who takes the initiative to sue for them, and not all infants and incompetents can petition the court to appoint someone in that capacity. Presumably, the Legislature recognized that "whether such an action is in fact brought depends on good fortune since the [infant or] incompetent is helpless." Thus, the saving provision, a necessary answer to our court rule, prevents the abrogation of the claims of infants and the incompetent. [*Cameron II*, *supra* at 94-95 (citation omitted).]

The significance of whether the minor's cause of action arose from violation of a statute or the common law was considered by our Supreme Court in *Lambert*, *supra*, which held:

> There is scant reason to ascribe to a legislature an intent to distinguish between common-law and statutory causes of action in the application of saving provisions.

>                    *   *   *

> The need and desirability for saving in one case are the same as in the other. Infants or insane persons are under the same disability whether their actions be common-law or statutory; the defendant in one case is generally in no greater need than the defendant in the other of protection from delay in commencement of the action. We are unable

to distinguish the two cases or to ascribe to the Legislature such an intention. [*Lambert, supra* at 191.]

This rationale is cogent with respect to breach of contract claims that accrue to a minor. Infants and insane persons are under the same disability whether their actions arise from statute, the common law, or a contract.

In arriving at a reasonable construction of MCL 600.5851(1) we are mindful of the interests of potential litigants. Plaintiffs will be attempting to pursue legal rights that likely accrued years ago, and defendants will be attempting to defend against these stale claims. The difficulties attendant to these causes of actions, however, are fairly balanced. Plaintiffs will have a difficult time carrying their burdens of proof, and defendants will be equally challenged in defending against those proofs. We conclude that preserving causes of action accruing to minors until a year after reaching majority is an important and longstanding public policy that is " 'clearly rooted in the law,' " *Rory, supra* at 471, quoting *Terrien v Zwit,* 467 Mich 56, 67; 648 NW2d 602 (2002), as reflected in MCL 600.5851(1).

We are also cognizant of the well-established tenet that "[c]ourts enforce contracts according to their unambiguous terms because doing so respects the freedom of individuals freely to arrange their affairs via contract." *Rory, supra* at 468. But contracts may not grant a right and then burden that right with a condition that cannot be met. Under the contractual terms at issue here, minors whose right of action accrues and expires, without legal proceedings, while they are laboring under their disability are permanently precluded, through no fault of their own, from exercising their legal rights under the contract in violation of the clear public policy that such minors are to be protected. As a result, only

those minors who happen to reach the age of majority within one year of the date of the accident for which the UIM coverage applied could personally exercise the legal right to bring suit. This result is tantamount to prohibiting a beneficiary of the contract—a minor who does not reach the age of majority within one year of the accident—from commencing and maintaining a lawsuit in violation of MCL 500.2254, which provides:

> No article, bylaw, resolution or policy provision adopted by any life, disability, surety, or casualty insurance company doing business in this state prohibiting a member or beneficiary from commencing and maintaining suits at law or in equity against such company shall be valid and no such article, bylaw, provision or resolution shall hereafter be a bar to any suit in any court in this state . . . .

This result is untenable.

We conclude that a reasonable construction of the phrase "under this act" contained within the minority tolling provision, MCL 600.5851(1), that best accomplishes the statute's purpose is that all civil actions are brought "under" the RJA, including plaintiff's breach of contract action. We discern no persuasive reason to ascribe a legislative intent to limit the application of MCL 600.5851(1) to causes of action arising from a purported violation of a specific statutory provision contained within the RJA or to causes of action for which the applicable statute of limitations is provided by the RJA. See *Cameron II, supra* at 91 n 5 (CAVANAGH, J., dissenting). And, considering the RJA's remedial character, the protective purpose of the minority tolling provision, as well as the harm it was designed to remedy—the deprivation of legal rights—we conclude that whether the cause of action arises by statute, common law, or contract, the minority tolling provision is applicable. To deny minors whose cause of action

accrues during their disability the opportunity to pursue their otherwise unasserted legal rights would be the antithesis of the firmly-rooted public policy that such minors are to be protected until one year after they reach the age of majority. Such persons would be denied their legal rights simply because they labored under a legal disability.

Here, plaintiff's claim premised on the breach of an UIM contract is "an action under [the RJA]." Her cause of action accrued when she was under 18 years of age, but she brought this claim within one year of reaching the age of majority, thus meeting the requirements of MCL 600.5851(1). Therefore, the trial court properly denied defendant's motion for summary dismissal on this ground.

Affirmed.