# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

EVANS COSTNER, III,

        Defendant-Appellant.

FOR PUBLICATION
February 19, 2015

No. 316806
Berrien Circuit Court
LC No. 2009-004980-FH

Before: BOONSTRA, P.J., and DONOFRIO and GLEICHER, JJ.

GLEICHER, J. *(dissenting)*.

The question presented is whether defendant was "more than four years older" than the complainant when the two engaged in consensual sexual relations. The answer depends on how "years" are measured. In my view, the Legislature solved this dilemma by enacting MCL 8.3j, which defines a year as a calendar year. While the majority maintains that application of this definition creates an "absurd result," I deem it reasonable and required. Doing so here compels us to define the disputed phrase in terms of calendar years.

Were we privileged to simply ignore MCL 8.3j, I would hold that the term "not more than four years older" is hopelessly ambiguous. And because the statute containing the phrase is remedial, I believe it should be interpreted in favor of defendant, one of the statute's intended beneficiaries. Accordingly, I respectfully dissent.

In relevant part the statute at issue provides for removal from the sex offender registry as follows:

> The court shall grant a petition properly filed by an individual under subsection (3) if the court determines that the conviction for the listed offense was the result of a consensual sexual act between the petitioner and the victim and any of the following apply:
>
> (a)    All of the following:
>
> (*i*)    The victim was 13 years of age or older but less than 16 years at the time of the offense.

-1-

(*ii*)    The petitioner is *not more than 4 years older than the victim.* [MCL 28.728c(14) (emphasis added).]

Defendant and the complainant had consensual sex when the complainant was 14 years old and defendant was 18 years old.  Defendant is 4 years and 23 days older than the complainant.  I respectfully disagree with the majority's determination that 23 days makes all the difference.

The majority holds that "the commonly understood definition of a 'year' as a measure of time" dictates that a year "is commonly understood as being 12 months in duration."  Thus, the majority reasons, "one who is even one day" more than four years older is ineligible for relief.  According to the majority's calculus, defendant therefore falls outside the statute's embrace.  The majority pronounces the "calendar year" approach an "extremely awkward (and entirely inaccurate) way to calculate whether someone was more than four years older than someone else."  But we are not judicial lawmakers.  Our role in interpreting the language is to apply statutes as written.  *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999).

"Year" is a nontechnical term.  Ordinarily, we would interpret it "according to the common and approved usage of the language."  MCL 8.3a.  From that perspective, the majority's construction is certainly reasonable, since everyone knows that 4 years and 23 days constitutes a time period longer than four years.  But our Legislature has seen fit to provide a specific definition for the word "year."  Michigan law dictates that if used in a statute, the word "year" means "a calendar year."  MCL 8.3j.  When the Legislature supplies a definitional rule, common parlance must give way.  And " '[a] statutory definition supersedes the commonly-accepted, dictionary, or judicial definition.' "  *Erlandson v Genesee Co Employees' Retirement Comm*, 337 Mich 195, 204; 59 NW2d 389 (1953), quoting 50 Am Jur, 262, p 254.

I respectfully disagree with the majority's view that we may interpret the term "more than four years older" on a clean slate of "plain meaning," for the "[g]eneral rules of [statutory] construction" promulgated by our Legislature dictate the interpretation of the word "year."  The Legislature is " 'presumed to know of and legislate in harmony with existing laws.' "  *People v Cash*, 419 Mich 230, 241; 351 NW2d 822 (1984), quoting *People v Harrison*, 194 Mich 363, 369; 160 NW 623 (1916).  The "existing law," MCL 8.3, commands that "[i]n the construction of the statutes of this state, the rules stated in [MCL 8.3a to 8.3w] shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature."  I discern no such inconsistency.  Thus, MCL 8.3j's statutory definition of the word "year" controls.  A "calendar year" is a period of 12 months of time.  Defendant was born in 1991, and was 18 years old at the time of the offense.  The complainant was born in 1995, and was 14 years old at the time of the offense.  Between them were four calendar years, and not more than that.  Accordingly, I believe that the trial court erred when it denied defendant's petition for removal from the sex offender registry.

The majority reasons that MCL 8.3j comes into play only "when referencing a *particular date/year*, not a *unit or measure of time*."  (Emphasis in original.)  I do not find that language in either MCL 8.3j or MCL 28.728c(14)(a)(*ii*), and cannot so readily relegate § 8.3j to the refuse bin.  In my view, the legislative definition of "year" trumps the majority's definition.  I would

hold that because defendant was not more than four calendar years older than the complainant when they had sex, defendant was improperly placed on the sex offender registry.[1]

Even assuming that we may properly overlook MCL 8.3j, I would reject the majority's holding. In everyday parlance, the term "more than four years older" is susceptible to two valid interpretations. One embraces years and days, while the other refers to whole years. Under the latter, defendant is "not more than four years" older than the complainant, and therefore entitled to relief.

The majority holds that "the commonly understood definition of a 'year'" represents a "measure of time" that is "12 months in duration." "Therefore," the majority opines, "one who is even one day past the 4-year or 48-month eligibility limit described in MCL 28.728c(14)(a)(*ii*) is ineligible to obtain relief under the statue." But in ordinary discourse, people refer to age as a specific number of years rather than as a number of years and months. Colloquially, I would say that my husband is not more than one year older than I, even though technically he is 1 year, 5 months and 12 days my senior. Adults usually refer to the difference in their ages in terms of years, not years and months and days.

Speaking generally, five years is more than four years. Speaking specifically, four years and one day is more than four years. Should we interpret the term "year" loosely, as we do in real life—a year means a calendar year? Or should we construe it strictly—a year consists of months and days? Setting MCL 8.3j aside, the statutory text does not tell us.[2]

"A statutory provision is ambiguous if it is equally susceptible to more than a single meaning." *Klida v Braman*, 278 Mich App 60, 65; 748 NW2d 244 (2008). The majority's definition of the term "more than four years" as encompassing registrants even 1 day and 4 years older than the complainant is plausible. So is the notion that the Legislature meant that "more than four years" requires subtracting the complainant's age from the defendant's, and arriving at a whole number. Viewed through the lens of common meaning, the statutory language is decidedly ambiguous.

Resolving the ambiguity requires judicial construction guided by "our duty . . . to consider the object of the statute, as well as the harm it is designed to remedy, and [to] apply a reasonable construction that best accomplishes the statute's purpose." *Id.* at 70-71.

MCL 28.728c was enacted to allow "Romeo and Juliet" offenders to petition for reprieve from the rigors of the SORA registry. This Court described that an earlier version of this remedial enactment was motivated "by concerns that 'the reporting requirements are needlessly

---

[1] Because our Legislature has defined the term "year," the cases cited by the majority from other jurisdictions are inapposite. The legislatures of those jurisdictions have not enacted a definitional statute.

[2] It seems to me, however, that if the Legislature intended that every month count, it could easily have drafted the statute in terms of months, not years. See MCL 400.57r and MCL 18.1451a(1).

-3-

capturing individuals who do not pose a danger to the public, and who do not pose a danger of reoffending.' " *People v Dipiazza*, 286 Mich App 137, 148; 778 NW2d 264 (2009), quoting House Legislative Analysis, HB 4920, 5195, and 5240, November 12, 2003, at 1. This Court further observed that "[t]he implied purpose of SORA, public safety, is not served by requiring an otherwise law-abiding adult to forever be branded as a sex offender because of a juvenile transgression involving consensual sex during a Romeo and Juliet relationship." *Id*. at 149.

As remedial legislation designed to shield certain youthful offenders from the harsh, punitive effects of mandatory sex offender registration, MCL 28.728c should be liberally construed in favor of its intended beneficiaries. See *Haynes v Neshewat*, 477 Mich 29, 42; 729 NW2d 488 (2007) (KELLY, J., concurring); *Spartan Asphalt Paving Co v Grand Ledge Mobile Home Park*, 400 Mich 184, 189; 253 NW2d 646 (1977). "A liberal construction is ordinarily one which makes the statutory rule or principle apply to more things or in more situations than would be the case under a strict construction." 3 Singer & Singer, Sutherland Statutory Construction § 60.1, p 258 (7th ed, 2008).

Honoring and implementing the remedial purpose of the statute, I would hold that the term "more than four years older" should be construed to mean that defendant was not more than four years older than the complaint when they engaged in consensual sex, and would reverse the trial court.


/s/ Elizabeth L. Gleicher

-4-