# STATE OF MICHIGAN

# COURT OF APPEALS

ALI AHMAD BAKRI,

Plaintiff-Appellee,

v

SENTINEL INSURANCE COMPANY, also
known as HARTFORD CASUALTY
INSURANCE COMPANY,

Defendant-Appellant,

and

YOUSSEF FTOUNI,

Defendant.

UNPUBLISHED
June 21, 2016

No. 326109
Wayne Circuit Court
LC No. 13-006364-NI

Before: MURPHY, P.J., and SAAD and BORRELLO, JJ.

PER CURIAM.

Defendant Sentinel Insurance Company (Sentinel) appeals the trial court's order that denied its motion for summary disposition in this insurance coverage dispute. We reverse and remand for entry of summary disposition in favor of Sentinel.

This case arises out of a motor vehicle accident that occurred on March 8, 2012, between plaintiff and defendant Youssef Ftouni, in which plaintiff suffered injuries. Plaintiff filed a complaint against Ftouni and claimed that Ftouni's negligence was the direct and proximate cause of the serious impairment of bodily function he sustained in the accident. He also named Sentinel as a defendant because it issued him an underinsured motorist (UIM) policy, under which it was obligated to pay the damages that exceed Ftouni's own insurance policy limits.[1] The case was submitted to the Mediation Tribunal for case evaluation, and the panel

---

[1] The UIM policy identifies Caffina Coffee, Inc., as the named insured. The policy also provides that if the named insured is a corporation, then the term "insureds" includes anyone occupying a covered automobile. It is undisputed that plaintiff is an insured under the policy.

-1-

recommended two awards in favor of plaintiff: $100,000 (Ftouni's policy limit) against Ftouni, and $100,000 against Sentinel. On September 17, 2014, the Mediation Tribunal mailed a notification of case evaluation results, which indicated that plaintiff and Ftouni both accepted the award regarding plaintiff's negligence claim. The notice also indicated that plaintiff and Sentinel rejected the award regarding plaintiff's UIM claim.

After the notice of the evaluation results was issued, Sentinel advised plaintiff that his UIM claim was barred under a policy exclusion that precluded coverage for any claim settled without Sentinel's consent. According to Sentinel, the exclusion was triggered when plaintiff accepted the case evaluation award against Ftouni without requesting or obtaining Sentinel's consent. Plaintiff filed a motion for declaratory relief and sought an order that indicated that his case evaluation acceptance did not impact his UIM claim. Alternatively, plaintiff requested that his case evaluation acceptance be set aside. The trial court denied plaintiff's motion and, pursuant to MCR 2.403(M), entered judgment against Ftouni in accordance with the case evaluation award.

Sentinel then moved for summary disposition pursuant to MCR 2.116(C)(10) and argued that it was entitled to judgment as a matter of law because plaintiff's claim was barred by the plain language of the UIM policy. In his response, plaintiff argued that the exclusion that Sentinel relied upon contained an exception, which provided that a claim is not excluded if the insured gives prompt written notice of a tentative settlement to Sentinel. Plaintiff alleged that summary disposition was inappropriate because his case evaluation acceptance should be construed as a tentative settlement and the exception was satisfied by the written notification of results provided by the Mediation Tribunal, as well as a letter his counsel mailed to Sentinel on October 6, 2014. The trial court denied Sentinel's motion and reasoned that any ambiguity in the policy's language should be construed against its drafter, Sentinel.

On appeal, Sentinel argues that the trial court erred when it concluded that the exclusion in its policy did not preclude plaintiff's claim. We agree.

This Court reviews rulings on summary disposition motions de novo. *Dancey v Travelers Prop Cas Co*, 288 Mich App 1, 7; 792 NW2d 372 (2010). Under this subrule, a court considers "the pleadings, admissions, affidavits, and other relevant record evidence in the light most favorable to the nonmoving party." *Id.* The trial court may grant the motion for summary disposition only if "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). Further, "[t]he construction and interpretation of an insurance policy and whether the policy language is ambiguous are questions of law, which we also review de novo on appeal." *Dancey*, 288 Mich App at 7.

"Insurance policies are contracts and, in the absence of an applicable statute, are subject to the same contract construction principles that apply to any other species of contract." *Titan Ins Co v Hyten*, 491 Mich 547, 554; 817 NW2d 562 (2012) (citation and quotation marks omitted). Unlike personal protection insurance, UIM insurance is not required by statute in Michigan. *Dawson v Farm Bureau Mut Ins Co of Mich*, 293 Mich App 563, 568; 810 NW2d

106 (2011). Accordingly, the terms of the UIM policy itself "generally determine the circumstances under which benefits will be awarded." *Klida v Braman*, 278 Mich App 60, 62; 748 NW2d 244 (2008). Under traditional principles of contract interpretation, "unless a contract provision violates law or one of the traditional defenses to the enforceability of a contract applies, a court must construe and apply unambiguous contract provisions as written." *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005). Although exclusionary clauses should be construed in the insured's favor, an exclusion that is specific and clear must be enforced. *Hunt v Drielick*, 496 Mich 366, 373; 852 NW2d 562 (2014).

The relevant portions of the UIM policy at issue in this matter provide the following:

**A. Coverage**

**1.** We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured[2] motor vehicle." The damages must result from "bodily injury" sustained by the "insured" caused by an "accident." The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle."

**2.** With respect to damages resulting from an "accident" with . . . [an] "uninsured motor vehicle," we will pay under this coverage only if Paragraph **a.** or **b.** below applies:

* * *

**b.** A tentative settlement has been made between an "insured" and the insurer of . . . [an] "uninsured motor vehicle" and we:

**(1)** Have been given prompt written notice of such tentative settlement; and

**(2)** Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

* * *

**C. Exclusions**

This insurance does not apply to any of the following:

---

[2] The policy refers to "uninsured" motor vehicles but includes "underinsured" motor vehicles within the definition of an "uninsured motor vehicle."

**1.** Any claim settled without our consent. However, this exclusion does not apply to a settlement made with the insurer of . . . [an] "uninsured motor vehicle," in accordance with the procedures described in Paragraph **A.2.b.**

Regardless of how the settlement was reached in this matter, there is little question that plaintiff has, in fact, settled his claim with Ftouni, the underinsured driver. Plaintiff and Ftouni both accepted case evaluation, and the trial court entered judgment against Ftouni in accordance with the case evaluation award. Paragraph C.1 of the UIM policy states that Sentinel's coverage does not extend to any claim settled without its consent, unless the settlement is entered in compliance with the procedures outlined in ¶ A.2.b. The parties do not dispute that plaintiff settled his claim with Ftouni without Sentinel's consent. Therefore, under the clear language of ¶ C.1, plaintiff's claim is excluded unless he satisfied the procedures in ¶ A.2.b.

Sentinel contends that plaintiff cannot rely on the ¶ A.2.b exception because compliance with that section is only possible where the insured has entered a "tentative settlement," and plaintiff's case evaluation acceptance was not a "tentative settlement." Plaintiff, on the other hand, argues that the phrase "tentative settlement" is ambiguous, and should therefore be construed in his favor to include case evaluation acceptance. "In ascertaining the meaning of a contract, we give the words used in the contract their plain and ordinary meaning that would be apparent to a reader of the instrument." *Rory*, 473 Mich at 464. Additionally, a contract term is not ambiguous merely because it is not defined within the contract. *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 515; 773 NW2d 758 (2009). "While we construe the contract in favor of the insured if an ambiguity is found, this does not mean that the plain meaning of a word or phrase should be perverted, or that a word or phrase, the meaning of which is specific and well recognized, should be given some alien construction merely for the purpose of benefitting an insured." *Henderson v State Farm Fire & Cas Co,* 460 Mich 348, 354; 596 NW2d 190 (1999) (citation omitted).

Mutual case evaluation acceptance cannot reasonably be construed as a "tentative settlement." In determining the common meaning of a word or phrase, this Court may refer to a dictionary definition. *Vushaj*, 284 Mich App at 515. Merriam-Webster's Collegiate Dictionary defines the term "tentative" as "not fully worked out or developed." *Merriam-Webster's Collegiate Dictionary* (11th ed). By contrast, this Court has indicated that the purpose of case evaluation is to "expedite and simplify the *final settlement* of cases." *Magdich & Assoc, PC v Novi Dev Assoc LLC*, 305 Mich App 272, 276-277; 851 NW2d 585 (2014) (emphasis added; quotation marks and citation omitted). "An accepted [case] evaluation serves as a final adjudication . . . and is therefore binding on the parties similar to a consent judgment or settlement agreement." *Id*. (quotation marks and citation omitted). Thus, if case evaluation acceptance is akin to a consent judgment or settlement agreement and intended to facilitate final settlements, a settlement reached by way of case evaluation cannot reasonably be characterized as "not fully worked out or developed."

Moreover, even if this Court accepted plaintiff's argument that the settlement was "tentative" and that he was able to avail himself of the ¶ A.2.b exception to avoid exclusion of his claim, the procedures outlined in that section were not satisfied in this case. Paragraph A.2.b

provides that Sentinel will pay UIM benefits when its insured reaches a tentative settlement with the insurer of an underinsured motor vehicle, but only if two conditions are met: (1) Sentinel is given prompt written notice of the tentative settlement, and (2) Sentinel advances the amount of the tentative settlement to its insured within 30 days. The first requirement was fulfilled: Sentinel received written notice of the settlement by way of the Mediation Tribunal's September 17, 2014, notification of results, as well as plaintiff's October 6, 2014, correspondence. However, the second requirement remains unsatisfied because there is no dispute that Sentinel never advanced payment of the case evaluation award to plaintiff.[3]

In sum, because Sentinel did not consent to plaintiff's settlement with Ftouni, the trial court erred when it concluded that Sentinel was not entitled to judgment as a matter of law. An exclusion that is specific and clear must be enforced, *Hunt*, 496 Mich at 373, and the plain language of ¶ C.1 excludes plaintiff's claim for UIM benefits. Additionally, giving the benefit of reasonable doubt to plaintiff regarding the "tentative" nature of mutual case evaluation acceptance, there is no question that ¶ A.2.b was not satisfied because Sentinel did not advance the settlement funds within 30 days of receiving notice of the settlement.

Reversed and remanded for entry of summary disposition in favor of Sentinel. We do not retain jurisdiction. Sentinel, as the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ William B. Murphy
/s/ Henry William Saad
/s/ Stephen L. Borrello

---

[3] Plaintiff's contention that the requirement in ¶ A.2.b(2) renders the contract illusory lacks merit. The items listed in ¶¶ A.2.b(1) and (2) are express conditions. The mere fact that express conditions might have been necessary to meet before Sentinel would be obligated to act on its promise to pay UIM benefits does not render the promise illusory or affect its validity as consideration. See *Omni Group, Inc v Seattle-First Nat'l Bank*, 32 Wash App 22, 25; 645 P2d 727 (1982) ("But that a promise given for a promise is dependent upon a condition does not necessarily render it illusory or affect its validity as consideration."). Moreover, plaintiff ignores the fact that he would not have needed to rely on the procedures in ¶ A.2.b if he had sought Sentinel's consent to settle *before* accepting case evaluation. Had plaintiff received Sentinel's consent, his claim would not have been excluded under ¶ C.1, and the claim's continued viability would not depend on Sentinel's refusal to advance the settlement funds.