*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NASSER BEYDOUN,

        Plaintiff,

v

BOARD OF STATE CANVASSERS,

        Defendant.

FOR PUBLICATION
June 7, 2024
9:00 a.m.

No. 371167

Before: CAVANAGH, P.J., and MARKEY and REDFORD, JJ.

PER CURIAM.

Plaintiff, Nasser Beydoun, seeks a writ of mandamus compelling defendant, the Board of State Canvassers (the Board), to place his name on the primary ballot as a candidate for the United States Senate. For the reasons explained in this opinion, the complaint for mandamus is denied.[1]

## I. FACTS

The general facts are not disputed. Plaintiff seeks a writ of mandamus compelling the Board to place his name on the statewide primary ballot as Democratic Party candidate for the office of United States Senator. The Board declined to do so because of an error in plaintiff's nominating petitions. Specifically, plaintiff listed his address on these petitions as a post office box, not a street address or rural route. The Board relied on this Court's order in *Morgan v Bd of State Canvassers*, unpublished order of the Court of Appeals, entered June 8, 2018 (Docket No. 344108), in which a majority of this Court concluded that the plain language of MCL

---

[1] Plaintiff initially moved for immediate consideration requesting action by this Court by June 14, 2024. However, in a more recent motion for immediate consideration, plaintiff amended this request to seek action by June 10, 2024. The Board filed its answer to the complaint on June 7, 2024, and agrees that it would be best for this Court to issue a decision as soon as possible, given the timelines for proofing, printing, and mailing primary ballots for the upcoming election. We also agree that this Court's immediate consideration is needed, and thus grant plaintiff's motions for immediate consideration.

168.544c(1) required use of either a street address or rural route, and that a candidate's use of a post office box on nominating petitions failed to comply with the requirements of MCL 168.544c(1). In this complaint seeking mandamus relief, plaintiff contends for various reasons that his use of a post office box on his nominating petitions is sufficient, and that as such, he is entitled to the writ of mandamus he seeks.

## II. STANDARD FOR GRANTING MANDAMUS RELIEF

> To obtain the extraordinary remedy of a writ of mandamus, the plaintiff must show that (1) the plaintiff has a clear, legal right to performance of the specific duty sought, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial, and (4) no other adequate legal or equitable remedy exists that might achieve the same result. In relation to a request for mandamus, a clear, legal right is one clearly founded in, or granted by, law; a right which is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided. [*Berry v Garrett*, 316 Mich App 37, 41; 890 NW2d 882 (2016) (quotation omitted).]

## III. ANALYSIS

We conclude that plaintiff has failed to demonstrate entitlement to a writ of mandamus. We acknowledge that this Court's unpublished order in *Morgan* does not bind this Court. MCR 7.215(C)(1). However, we reach the same conclusion as the majority did in that case. We find no ambiguity in MCL 7.215(C)(1), and conclude that this statute requires candidates to list either a street address or rural route on nominating petitions.

We first note that in *Christenson v Secretary of State*, 336 Mich App 411, 421-422; 970 NW2d 417 (2021), this Court, albeit in the context of a slightly different question concerning MCL 168.544c(1), concluded that the statute is not ambiguous. And with respect to the specific legal question posed here, we find no ambiguity. Statutory language is not ambiguous "merely because a reviewing court questions whether the Legislature intended the consequences of the language under review." *Klida v Braman*, 278 Mich App 60, 65; 748 NW2d 244 (2008) (quotation marks and citations omitted). "Rather, an ambiguity exists only where the language of a statute as used in its particular context has more than one common and accepted meaning. Thus, where common words used in their ordinary fashion lead to one reasonable interpretation, a statute cannot be found ambiguous." *Id*. at 65-66 (quotation marks and citation omitted). "Further, a finding of ambiguity is to be reached only after all other conventional means of interpretation have been applied and found wanting." *Id*. at 66 (quotation marks, brackets, and citations omitted).

The overall goal of statutory interpretation is to give effect to the intent of the Legislature. *Dep't of Environmental Qual v Worth Twp*, 491 Mich 227, 237; 814 NW2d 646 (2012). "The words used in the statute are the most reliable indicator of the Legislature's intent and should be interpreted on the basis of their ordinary meaning *and the context within which they are used in the statute*." *Id*. at 237-238 (emphasis added). "In interpreting a statute, this Court avoids a construction that would render *any part* of the statute surplusage or nugatory." *Id*. at 238 (emphasis added). And, "the statute must be read as a whole, unless something different was

clearly intended." *Id.* "Individual words and phrases, while important, should be read in the context of the entire legislative scheme." *Id.*

In reading MCL 168.544c(1), the first six sentences of the statutory text shows that the Legislature's focus in writing those sentences was not on defining the substance of what must be contained in nominating petitions, but rather, on printing requirements—page size, typeface, and font size. Plaintiff correctly notes that, in the last of these six sentences, the Legislature refers only to the candidate's "address," but without further description of what type of address will suffice. But again, in that sentence and all sentences that precede it, the Legislature has described printing requirements, not the particular information that must be included in the petition.

Rather, the last sentence of this paragraph of statutory text indicates the Legislature's intent to define what information must be included on the nominating petitions. It does so by stating that petitions "must be in the following form," and then providing the exact form of the petition to be used. MCL 168.544c(1). And, unquestionably, the petition form then provided by the Legislature states in the place for the candidate's address: "Street Address or Rural Route." MCL 168.544c(1). No other options are provided, and there is no mention of a post office box being a third option. Rather, the statute provides only two options, neither of which is a post office box.

Context matters. *Dep't of Environmental Qual*, 491 Mich at 237-238. Reading the statute as a whole, it is clear that the use of the word "address" in the sixth sentence of MCL 168.544c(1) does not create any ambiguity or express an intent that any type of "address" will suffice. Rather, the statute defines what types of addresses may be placed on nominating petitions by stating that the petition must be in a specific form, and then providing an exemplar petition that only permits the candidate to use a street address or rural route as their address. There is no ambiguity. And to permit use of a post office box on nominating petitions would also render a portion of the statute nugatory—that part providing the required form of the petition. This Court cannot interpret the statute in such a fashion. *Dep't of Environmental Qual*, 491 Mich at 237-238.

Relying on *Christenson*, which did not involve the use of a post office box as the candidate's address on nominating petitions, plaintiff contends that where MCL 168.544c specifically directs petition *circulators* not to use a post office box, but contains no similar, specific direction to the candidate, the Legislature did not intend to require the same of candidates. In that regard, we agree with the *Morgan* majority: "Although the certificate of circulator provision explicitly directs that a P.O. Box not be listed, the failure to so specify with respect to the candidate does not allow a P.O. Box to be provided when the statute plainly requires a street address or rural route." *Morgan v Bd of State Canvassers*, unpublished order of the Court of Appeals, entered June 8, 2018, p 1 (Docket No. 344108).

We also find no merit to plaintiff's reliance on MCL 168.544d. This statute provides:

> Nominating petitions for the offices under this act and petitions for a local proposal may be circulated on a countywide form. Petitions circulated countywide must be on a form prescribed by the secretary of state, *which form must be substantially as provided in sections 482, 544a, or 544c, whichever is applicable.* The secretary of state may provide for a petition form larger than 8-

½ inches by 13 inches and shall provide for identification of the city or township in which the person signing the petition is registered. The certificate of the circulator may be on the reverse side of the petition. This section does not prohibit the circulation of petitions on another form prescribed by this act. [MCL 168.544d (emphasis added).]

Plaintiff asserts that, under this statute, the Secretary of State could alter the nominating petition form and allow use of a post office box as the candidate's address. According to the complaint, MCL 168.544d would allow the Secretary of State "to change the exemplar form, so long as the Secretary's form was 'substantially as provided' in MCL 168.544c." The complaint alleges that, "If the Secretary of State could have changed the form, omitting the word 'street' on the form, then it cannot be said that the Legislature intended that PO boxes could not be used by candidates filling in the form."

We disagree. The Secretary of State has not altered the nominating petition form to allow use of a post office box. Rather, the nominating petition form prescribed by the Secretary of State contains precisely the same language as MCL 168.544c(1), and directs both on the face of the form and in directions to the candidate that the candidate include a street address or rural route. But in any event, this Court has recently explained that in challenges to petition forms that are made before the election, the usual rule is that strict compliance with statutory requirements is required. *GWCC Holdings, LLC v Alpine Twp*, ___ Mich App ___; ___ NW3d ___ (April 25, 2024) (Docket No. 367925), slip op at 8-9. Under that premise, strict compliance is required in this matter, as the election has not yet occurred. We also see no indication in the statutory text of MCL 168.544d that the Legislature intended to permit the Secretary of State to alter the substantive requirements for nominating petitions stated in MCL 168.544c(1). Rather, the Legislature has directed that countywide petitions "must" be in a form that is "substantially as provided" in MCL 168.544c. MCL 168.544d. "Must" indicates a mandatory directive. *GWCC Holdings, LLC*, ___ Mich App at ___; slip op at 8. We do not read MCL 168.544d as permitting the Secretary of State to make substantive alterations to the petition form provided by MCL 168.544c(1). Plaintiff's argument fails to demonstrate that the Legislature intended that use of a post office box was sufficient. Rather, the plain language of MCL 168.544c(1) expresses a different intent.

Finally, and while we are not unsympathetic to plaintiff's public-policy argument,[2] this Court is not the correct forum to seek relief in that regard. See *Landin v Healthsource Saginaw, Inc*, 305 Mich App 519, 525-526; 854 NW2d 152 (2014) (explaining that generally, making social and public policy decisions are matters for the Legislature, not the courts). Further, this Court has held that MCL 168.544c(1) does not require use of a candidate's *residential* street address on nominating petitions. See *Christenson*, 336 Mich App at 414, 421-422 (holding that MCL 168.544c(1) does not require use of a *residential* address on nominating petitions, and so nominating petitions that identified the *street address* of the candidate's law practice and candidate committee's headquarters complied with MCL 168.544c(1)).

---

[2] Plaintiff generally asserts that, for safety reasons, he should not be required to disclose his residential street address on his nominating petitions.

## IV. CONCLUSION

Because plaintiff listed a post office box on his nominating petitions, and not a street address or rural route as required by MCL 168.544c(1), defendant properly declined to certify plaintiff as a candidate in the upcoming primary election. Plaintiff is thus not entitled to a writ of mandamus compelling otherwise. For these reasons, the complaint for mandamus is denied.

/s/ Mark J. Cavanagh
/s/ Jane E. Markey
/s/ James Robert Redford